CHRISTINA ECKHARDT, ALIAS, ETC., Plaintiff in Error, v. THE PEOPLE OF THE STATE OF NEW YORK, Defendant in Error.

An indictment under the statute providing for the punishment of any person who "shall administer to any *pregnant woman*" any medicine, etc., to cause a miscarriage, is sufficient, where instead of using the words "pregnant woman" it charges the offense to have been committed upon "a woman with child."

It is not essential in an indictment for a statutory offense to employ the precise words of the statute, it is sufficient to state all the facts constituting the offense, so as to bring the accused precisely within the statutory provisions.

(Submitted December 16, 1880; decided January 18, 1881.)

ERROR to the General Term of the Supreme Court in the first judicial department, to review judgment entered upon an order made November 26, 1880, affirming a judgment of the court of general sessions in and for the city and county of New York, convicting the plaintiff in error, under an indictment, the substance of which is set forth in the opinion. (Reported below, 22 Hun, 525.)

*William F. Kintzing* for plaintiff in error. The indictment is fatally defective in not averring that the woman upon whom the abortion was attempted was "pregnant." (3 R. S. § 11, p. 932 [6th ed.]; *People* v. *Allen*, 5 Den. 79; *People* v. *Taylor*, 3 id. 93; *People* v. *Wilbur*, 4 Parker Crim. Rep. 20; *People* v. *Wood*, 53 N. Y. 511; 1 Chitty Crim. Law, 281, 282, 283 [ed. 1841]; Archb. Cr. Pldg., 50 [ed. 1846]; 2 Colby Crim. Law, 113; *The U. S.* v. *Mills*, 7 Pet. 142; *The U. S.* v. *Cruickshank*, 2 Otto [S. C. Rep.] 542; *The U. S.* v. *La Costa*, 2 Mason, 127–141; *The U. S.* v. *Lancaster*, 2 McLean, 43; *Commonwealth* v. *Danils*, 2 Virg. Cas. 402; *State* v. *Stanton*, 1 Iredell [N. C.] 424; *Rex* v. *Pemberton*, 2 Burr. 1035; *Reg.* v. *Johnson*, 10 Cox, 14.) Certain technical terms must be inserted in all indictments, as descriptive of the offense, and they are as essential now as at common law. (1 Colby Crim. Law, 386, 389; 1 Archb. Crim. Pl. 1039; 2 Whart. Am. Crim. Law, 930.)

*Daniel G. Rollins* for defendant in error. The use of the words in the indictment, " a woman with child," instead of those used in the statute, viz., " any pregnant woman," did not render it defective. (1 Bishop's Criminal Procedure, § 612 [2d ed.]; 3 Bank's Stat. [6th ed.], p. 1022; Worcester's and Webster's dictionaries, under heading " child; " 3 Macauley's History of England, 133; The Tempest, act 1st, scene 2d; Measure for Measure, act 2d, scene 3d; id. act 3d, scene 2d; Merchant of Venice, act 3d, scene 5th; All's Well That Ends Well, act 4th, scene 3d; First Henry the VI, act 5th, scene 4th; Pericles, act 3d, induction; Genesis, 38, 25; 1st Samuel, 4, 19; 2d Kings, 15, 16; Ecclesiastes, 11, 5; Isaiah, 26, 17; Exodus, 21, 22; Hosea, 13, 16; II Kings, 8, 12; Amos, 1, 13; Matthew, 1, 18, 23–24; Mark, 13, 17; Luke, 21, 23; Revelation, 12, 2.)

Rapallo, J. This case comes up on writ of error on the judgment record alone, and the sole error assigned is that the indictment is defective.

The statute under which it is framed (3 R. S. 932, § 11), [6th ed.], provides for the punishment of every person who shall administer to any *pregnant woman* any medicine, etc., or shall use or employ any instrument or other means whatever with intent thereby to produce the miscarriage of any such woman. The indictment charges that the prisoner used and employed an instrument upon the body and womb of one Minnie Pape, she being then a woman with child, with intent thereby to produce her miscarriage. The alleged defect consists in describing the patient as a woman then with child, instead of describing her in the words of the statute as a " pregnant woman."

The counsel for the prisoner cites authorities showing that in indictments for statutory offenses, it is in general sufficient to charge or describe the offense in the words of the statute, but these authorities do not establish that it is indispensable to employ the precise words. The indictment must state all the facts constituting the statutory offense so as to bring the accused precisely within the provisions of the statute. (*People* v. *Allen*,

5 Den. 79 ; *People* v. *Taylor*, 3 Den. 93.) But the pleader need not employ the identical words ; he may, if he choose, use words which are their equivalent in meaning. (Bishop's Crim. Proc., vol. 1, 612 [2d ed.].

It cannot be doubted that the words, " a woman with child," are in their ordinary sense synonymous with " a pregnant woman." They are a definition of the shorter term. It is conceivable that they might be used in a different sense, and so might the word "pregnant" be employed in such a connection as not to denote pregnancy with child. But certainly in the connection in which the words are used in this indictment they can have no other meaning than that the woman was pregnant with child, and the instrument was used to produce a miscarriage. It is scarcely necessary to call in the aid of the statute of jeofails to sustain the judgment.

The judgment should be affirmed.

All concur.

Judgment affirmed.