WILLIAM POST, Appellant, *v.* CHARLES KREISCHER et al., Respondents.

*It seems* by the common law, oysters planted in a bed clearly marked out and defined in the tide-waters of a bay or arm of the sea, which is a common fishery to all the inhabitants of the State, where there are no oysters growing spontaneously at the time, are the property of the person who planted them; and the taking or destruction of them by another is a trespass for which an action lies.

The right to plant oysters in the tide-waters of bays and arms of the sea upon lands of the State adjacent to the county of Richmond is recognized by the statutes prohibiting any person from interfering with oysters so planted, without the consent of the owner.    (Chaps. 404, 753, Laws of 1866.)

While plaintiff was in the lawful use of an oyster bed in said waters, the commissioners of the land office granted to the owner of the adjacent up-land the land under water embracing said oyster bed. The grant reserved to the people the same rights and privileges as before possessed by them, until the lands granted "shall have been actually appropriated and applied to the purposes of commerce by erecting a dock or docks thereon." The depositing in the waters of the port of New York, within certain limits, which include the *locus in quo*, of any dredging or other material, "except in the execution or construction of any pier," etc., is prohibited by statute. (Chap. 346, Laws of 1881.) Defendants, claiming to act under the grant, deposited material dredged from other premises upon plaintiff's oyster bed, thereby destroying the oysters thereon.   In an action to recover the damages, one of the defendants testified that they deposited the material with a view of making a dock on the premises.   It appeared, however, that nothing further was done in the execution of this purpose; also, that the primary object of the dredging was to deepen the water in front of other premises occupied by the defendants.   Plaintiff's counsel asked to have the question whether under the evidence there had been an actual appropriation of the premises under the grant sub-

mitted to the jury. The court refused the request and directed a verdict for defendants. *Held* error.

*Post* v. *Kreischer* (32 Hun, 49), reversed.

(Argued June 3, 1886 , decided October 5, 1886.)

Appeal from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made at the February term, 1884, which affirmed a judgment in favor of plaintiff, entered upon a verdict directed by the court. (Reported below, 32 Hun, 49.)

This was an action to recover damages for an alleged trespass in depositing dredging material upon plaintiff's oyster bed a quantity of earth and other material dredged from other premises, and thereby destroying the oysters planted thereon.

The facts so far as material are stated in the opinion.

*Benjamin Patterson* for appellant. The oysters planted by the plaintiff are his exclusive property the same as animals *feræ naturæ* when caught and reclaimed. (*McCarthy* v. *Holman*, 22 Hun, 55; *Lowndes* v. *Dickerson*, 34 Barb. 589; *Fleet* v. *Hagaman*, 14 Wend. 42; *Decker* v. *Fisher*, 4 Barb. 592; Laws of 1866, chap. 753 ) Such oysters being personal property, the State could not take them for public purposes without making compensation and for private purposes not at all. (Const., art. 1, § 6; *Newcomb* v. *Smith*, 1 Chand. 171; *Corbin* v. *Marsh*, 2 Duv. 193; Blackst. Com. 125, 219, 226; *Gould* v. *H. R. R. Co.*, 6 N. Y. 138; *Lansing* v. *Smith*, 4 Wend. 9; *Langdon* v. *Mayor, etc.*, 93 N. Y. 129; *Story* v. *N. Y. E. R. R. Co.*, 90 id. 122, 157; *In re Jacobs*, 98 id. 98; *Smith* v. *City of Rochester*, 92 id. 463; *Dermott* v. *The State*, 99 id. 107.) The acts of the defendants being *contra formam* statute, could not be construed as an actual appropriation. (*Hard* v. *Seeley*, 47 Barb. 428; *Newton* v. *Porter*, 5 Lans. 416.) The acts of defendants amounted to a public nuisance for which they are liable to any one specially damaged. (*Lansing* v. *Smith*, 4 Wend. 9; *Congreve* v. *Smith*, 18 N. Y. 82; *Dygert* v. *Schenck*, 23 Wend. 446; *Creed* v. *Hartman*, 29 N. Y. 291; *Clifford* v. *Dam*, 81

id. 52; *McKeon* v. *See,* 51 id. 306; *Adams* v. *Popham,* 76 id. 413; 2 Story's Eq. Jur., §§ 925, 927.) A grant by the State of lands under water is to be strictly construed in favor of the people and against the grantee. (*Lansing* v. *Smith,* 4 Wend. 9; *Langley* v. *Mayor, etc.,* 93 N. Y. 641; *Dermott* v. *The State,* 99 id. 107; *Martin* v. *Waddell,* 16 Pet. 367; *McCarthy* v. *Holman,* 22 Hun, 55.) The defendants were not licensees of the grantee. (*Mali* v. *Lord,* 39 N. Y. 381, 384.)

*David McClure* for respondents. The State, in its sovereign character, owns the beds of navigable streams to high-water mark, and the State may, as such proprietor of the waters, grant them, or any interest in them, to an individual. (*Lansing* v. *Smith,* 8 Cow. 146; *Gould* v. *H. R. R. Co.,* 6 N. Y. 138; *Furman* v. *Mayor, etc.,* 10 id. 568; *People* v. *Tibbetts,* 19 id. 527; *People* v. *Canal App'rs,* 33 id. 461; *Lowndes* v. *Dickerson,* 34 Barb. 592; *People, ex rel. Ward,* v. *Kelsey,* 14 Abb. Pr. 577.) The plaintiff had no rights in the land under water that were not subject to those of the grantee from the State, and liable to be extinguished by said grantee taking possession. (Code of Civ. Pro., §§ 368, 369; *Gould* v. *H. R. R. Co.,* 6 N. Y. 540; *Lansing* v. *Smith,* 4 Wend. 9; *McCarthy* v. *Holman,* 22 Hun, 54; *Trustees of Brookhaven* v. *Strong,* 60 N. Y. 67; *Tinicum Fishing Co.* v. *Carter,* 61 Penn. St. 35; *Monongahela Nav. Co.* v. *Coons,* 6 W. & S. [Penn.] 101.) The plaintiff had notice of the application of the grant, and had an opportunity to have its effect limited, or protect himself by removing his oysters. (1 R. S. 208, § 70.) The defendants, in dumping, acted as the agents of the grantee. (*Lomer* v. *Meeker,* 25 N. Y. 362; *Elwood* v. *W. U. Tel. Co.,* 45 id. 553; *Koehler* v. *Adler,* 78 id. 291.)

Andrews, J. The authorities sustain the propositions asserted by the plaintiff, that by the common law, oysters planted in a bed clearly marked out and defined in the tide-waters of a bay or arm of the sea, which is a common fishery to all the inhabitants of the State where the bay or arm of the sea is situated,

where there are no oysters growing spontaneously at the time, are the property of the person who planted them, and the taking them by another person is a trespass for which an action lies. (*Fleet* v. *Hegeman*, 14 Wend. 42 ; *Decker* v. *Fisher*, 4 Barb. 592 ; *Lowndes* v. *Dickerson*, 34 id. 586, 589.) The planting of oysters in tide-waters, and the right of property in the person planting them, is not regarded as an exclusive appropriation of the right of fishery common to all the inhabitants of the State, but as a legitimate exercise of the common right, not inconsistent with its reasonable enjoyment by others. The right to plant oysters in the tide-waters of bays and arms of the sea, upon the lands of the State adjacent to the county of Richmond, not being a natural oyster bed, is now recognized by the statute which prohibits any person to interfere with oysters so planted, without the consent of the owner. (Laws of 1866, chaps. 404, 753.) The space on which the plaintiff's oysters were planted, had been used as an oyster bed for more than fifty years, and there can be no doubt that both by the common law and the statute the plaintiff was in the lawful use of the oyster bed on April 28, 1881, when the commissioners of the land office granted to Baltazer Kreischer, the owner of the adjacent upland, the land under water, embracing the oyster bed of the plaintiff. The defendants justify their act in depositing the material dredged from other premises, upon the plaintiff's oyster bed, thereby covering and destroying the oysters thereon, under the grant of the State to Baltazer Kreischer. Unless the defendants are protected by this grant, there can, we think, be no doubt that their act in depositing this material in the waters of the bay, was unlawful, and that upon familiar principles, the plaintiff is entitled to recover damages for the special injury occasioned to him thereby. Chapter 346 of the Laws of 1881, prohibits the depositing in the waters of the port of New York of any dredging or other material within certain limits, which include the *locus in quo*, except in the erection or construction of any pier, etc., and the making, by filling in, of land, authorized by the laws of this State. It is not claimed that the defendants in

covering the plaintiff's oyster bed, were exercising any right other than that conferred by the grant to Baltazer Kreischer. That grant contains the following material exception : "Excepting and reserving to all and every the said people the full and free right, liberty and privilege of entering upon and using all and every part of the above-described premises in as ample a manner as they might have done had this power and authority not been given, until the same shall have been actually appropriated and applied to the purposes of commerce by erecting a dock or docks thereon, or for the beneficial enjoyment of the same by the adjacent owner." It is clear from the words of the exception that the plaintiff's right to the continued use of the oyster bed, and his property in the oysters thereon, was not *eo instanti*, determined on the execution and delivery of the grant. It is unnecessary to inquire what the right of the plaintiff would have been, if the grant had been absolute and unqualified. It is sufficient for the present purpose to notice that it did not confer any right to interfere with the uses to which the land was then appropriated, or with the common rights of fishery and navigation, until the granted premises should be "actually appropriated and applied" by the grantee to the purposes mentioned in the grant. It was claimed on the trial in behalf of the defendants, that the filling in, in June, 1881, over the plaintiff's oyster bed, was with a view to the construction of a dock, for the beneficial enjoyment of the premises embraced in the grant, and was, therefore, a lawful act, constituting an actual appropriation of the premises, within the exception. The plaintiff's counsel asked to have the question, whether under the evidence there had been an actual appropriation of the premises under the grant, submitted to the jury. The court refused the request, and thereupon directed a verdict for the defendants, to which the plaintiff's counsel excepted. We think the exception was well taken. We do not intend to intimate any opinion as to what conclusion should have been reached by the jury upon the question whether this deposit was made with a view to the improvement of the land embraced in the grant. It seems quite clear that

the primary object of the dredging was to deepen the water in front of other premises occupied by the defendants. One of the defendants testified that they deposited the material with a view to making a dock on the premises embraced in the grant. It appears, however, that nothing was done in execution of this purpose, beyond depositing this loose material, which was left subject to the action of the winds and tides, and the purpose of building a dock, if originally entertained, was evidently abandoned. Under the circumstances, it was, we think, for the jury to say whether the depositing of the material from the dredging over the plaintiff's oyster bed, was with a *bona fide* view to the improvement of the premises, or was done simply as a convenient way of getting rid of the material, and without any intention of making an actual appropriation of the premises within the grant.

The question, whether the defendants, assuming that the material was deposited with a view to the improvement of the granted premises, were chargeable with notice of the existence of the oyster bed, and were bound before covering it to notify the plaintiff and give him an opportunity to remove the oysters, is not presented by any exception, and need not now be considered.

But for the error upon the point suggested, the judgment should be reversed and a new trial granted.

All concur.

Judgment reversed.