## PETER SUTTER, Respondent, v. SAMUEL E. VAN DERVEER, Appellant.

*Right conferred by chapter 639 of 1871 to plant oysters in the portions of Jamaica bay lying in the towns of Jamaica and Hempstead — a certificate cannot be issued, as to lands where oysters have already been planted by a person other than the applicant — the wrongful planting of oysters in the bay, in violation of the act, does not authorize their confiscation by the town authorities.*

The plaintiff having purchased 2,000 bushels of small oysters and deposited them in Jamaica bay, in a bed well defined by stakes and buoys, and left them there to grow and increase in size and improve in quality, was engaged, in the fall of 1885, in raising them for the purpose of sending them to market, when the defendant drove the plaintiff's men from the bed, cut the buoys adrift and took possession of the oysters and converted them to his own use.

In this action, brought for such conversion, the defendant endeavored to justify his acts under a lease or certificate obtained from the board of auditors of the town of Jamaica, dated December 1, 1884, under the provisions of chapter 639 of 1871, which authorized any inhabitant of the town of Jamaica to use a portion of the land under the public waters of the town, not exceeding three acres, on which there was no planted bed of oysters, for the purpose of planting oysters therein, provided that before occupying any such lands under the act he should prove to the satisfaction of the board of auditors that the land so selected was not a planted bed of oysters, or, if planted, that it was not so planted by any person other than the applicant, and thereupon such board was authorized to give such person a certificate, certifying, among other things, that the land selected by the applicant did not contain a planted bed of oysters, or was not planted by any person other than such applicant.

*Held,* that the certificate did not cover the oyster bed of the plaintiff, because that was already planted and occupied, or if it did, or was designed to do so, it was obtained by fraud and false testimony, and its issuance was beyond and without the statutory sanction.

That, even if it was unlawful or criminal for the plaintiff to plant his oysters in Jamaica bay, his violation of the law did not forfeit his property nor bestow upon the defendant or the town authorities any right to its confiscation or appropriation.

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury at the Kings County Circuit, and from an order denying a motion to set aside the verdict and for a new trial.

*B. W. Downing* and *A. N. Weller*, for the appellant.

*Wm. J. Gaynor*, for the respondent

DYKMAN, J.:

The plaintiff in this action purchased 2,000 bushels of small oysters and deposited them in Jamaica bay in a bed well defined by stakes and buoys and left them there to grow and increase in size and improve in quality. Oysters planted in that way become fit for the market in two seasons, and it was the intention of the plaintiff to take these oysters up and send them to the market, and while his men were engaged in raising them for that purpose in the fall of 1885, the defendant drove them from the bed, cut the buoys adrift and took possession of the oysters and converted them to his own use, and this action is brought for such conversion.

The cause was tried at the circuit and there was no dispute about the conversion, but the defendant endeavored to justify the seizure of the oysters under a lease or certificate held by him which he obtained from the board of auditors of town accounts of the town of Jamaica, in Queens county, under the provisions of chapter 639 of the Laws of 1871. It appears that Jamaica bay lies partly in Kings county and partly in Queens county, and the defendant endeavored to prove on the trial that the bed of the plaintiff was in Queens county, for the evident purpose of imparting efficacy to his lease. Yet at the close of the testimony each party moved the court to direct a verdict in his favor, and thereby conceded that there was no dispute upon any material questions of fact, and that there was left for determination only questions of law upon undisputed facts. (*Leggett* v. *Hyde*, 58 N. Y., 275.) Acting upon that assumption the trial judge submitted to the jury the question of damages only and reserved the questions of law for further deliberation. The jury rendered a verdict for the plaintiff for $3,000, and the motion to set the same aside was subsequently denied, and the defendant has appealed from the judgment and from the order likewise.

Jamaica bay is an arm of the sea and its waters are tidal and public, and all the inhabitants of the State have a common right to the use of the same for navigation, fishing and all other purposes of a public character and the plantation of oysters in such waters is a legitimate exercise of such common right and they remain the property of the person so planting them, and their conversion by another furnishes a cause of action to the owner. (*Post* v *Kreischer*,

103 N. Y., 110.) Oysters planted in tidal waters on a well-marked and clearly defined bed, where there were no natural oysters before, are the personal property of the planter and he may maintain an action for their conversion. (*Fleet* v *Hegeman*, 14 Wend., 42; *Decker* v. *Fisher*, 4 Barb., 592; *Lowndes* v. *Dickerson*, 34 id., 586.) Oysters are classified in law with animals *feræ naturæ* in which a qualified property may be acquired, by possession, both by the civil and common law, and such property continues so long as the dominion of the owner is maintained. It is protected by the law to the same extent as an absolute property, and every invasion of the same is redressed in the same manner. When they are reclaimed or taken from their natural beds and collected together for the purposes of growth or multiplication, they cannot be retained in actual manual possession and they must be deposited in their native element, and so long as they remain within such control as will enable the owner to resume actual possession of them at his pleasure his ownership will continue.

Wild animals and wild birds have capacity to escape and require care for their confinement, but oysters are destitute of locomotivity, and require no barrier for their security; and a plantation of them in tidal water, on a well defined bed, to increase and improve with a view to their future sale or use, and with no intention of making any abandonment of them, is such a confinement and retention of possession as will continue the title.

The right of property does not depend upon the means adopted to prevent escape. It is acquired by capture or acquisition, and continues until abandonment or escape, and so long as dominion is maintained. Evidences of possession are not essential, and proprietorship does not depend upon the means adopted to maintain possession. If a wild animal should be placed in an open field after its capture, and remain there without restraint, the title of the captor would continue, and its conversion by another would furnish a cause of action.

Oyster beds are marked and defined by stakes and buoys to give notice to the world of the exercise of the common right to use the public waters of the State by the occupant, and that the oysters have not been abandoned. They are, when so planted, entirely within control; and the purpose is to take them up at pleasure

when they become suitable for the market.  The traffic in oysters has become very expanded, and their cultivation has come to be a very extensive business.  The oysterman plants his oysters in their natural soil and element with regularity, and expects to gather their growth with as much certainty as the farmer plants his grain in the soil, and expects to harvest and enjoy the crop ; and, for all practical purposes, the title to the oysters is as valuable and certain as the title to grain or any other article of commerce.

The examination thus far discloses no obstacle in the way of the plaintiff, but leaves his right to the verdict plain and well founded ; but the justification of the defendant, under chapter 639 of the Laws of 1871, remains yet for consideration.  Section 1 of that act made it lawful for any inhabitant of the towns of Jamaica and Hempstead, in Queens county, to plant oysters in any of the public waters within such towns ; and, upon compliance with the provisions of the act, he was clothed with the exclusive right to use the beds and the exclusive property in the oysters so planted ; and no person other than such inhabitant could acquire such right. By section 2 of the act a right was bestowed upon such inhabitant to use a portion of the land under the public waters, not exceeding three acres, on which there was no planted bed of oysters, for the purpose of planting oysters thereon ; and by section 3 of the act, before any person could occupy any such lands under that act, he was required to prove, to the satisfaction of the board of auditors of town accounts, that the land so selected was not a planted bed of oysters, or, if planted, that it was not so planted by any person other than the applicant, and thereupon such board was authorized to give to such person a certificate certifying, among other things, that the land selected by the applicant does not contain a planted bed of oysters, or is not planted by any person other than such applicant.

Under that statute the defendant received a certificate of the board of auditors of the town accounts of the town of Jamaica, dated the 1st day of December, 1884, after the oysters of the plaintiff were all planted, and when his stakes and his buoys betrayed the location of his bed, and the certificate in conformity to the law contained a recitation that satisfactory proof had been made

on oath, as required by the act, that the defendant was an inhabitant of the town of Jamaica, and that the land under the public waters selected by him for an oyster bed did not contain a planted bed of oysters or was not so planted by any person other than himself.

Such is the statute of 1871 and such was the certificate of the plaintiff obtained in pursuance of its provisions. It did not cover the oyster bed of the plaintiff, because that was already planted and occupied, or if it did or was designed to do so it was obtained by fraud and false testimony, and its issuance was beyond and without the statutory sanction.

The statute invoked invests the board of town auditors with authority to issue certificates for the occupation of unplanted and unoccupied land under the public waters of the town, and their power and jurisdiction have that extent and no more. In no view, therefore, can the certificate of the defendant shield him from the consequences of the unlawful conversion of the plaintiff's property, or make his act lawful, which was otherwise and without it unlawful and wrong.

There is, however, another and a broader view. Neither the law of 1871 nor chapter 384 of the Laws of 1879, by which it was amended, are laws of forfeiture. If it was unlawful or criminal for the plaintiff to plant his oysters in Jamaica bay, his violation of the law did not forfeit his property, nor bestow upon the defendant or the town authorities any right to its confiscation or appropriation. The plaintiff might be compelled to remove his oysters, or he might be punished for a violation or infringement of a statute, but his legal and constitutional rights would continue and the right to his property would remain inviolate.

The judgment and order appealed from should be affirmed with costs.

BARNARD, P. J., concurred, PRATT, J., not sitting.

Judgment and order denying new trial affirmed with costs.