THE PEOPLE, Respondent, *v.* WILLIAM HENRY HAZEN, Appellant.

The provision of the act of 1870 (Chap. 234, Laws of 1870), "for the preservation of shell fish in the waters of South bay in Suffolk county," which forbids any person catching or taking "any oysters, clams, mussels or shells in the waters" of said bay "with a dredge or drag," does not apply to persons taking their own oysters out of their private lots or beds in said waters.

*It seems*, the legislative intent was to provide a rule of conduct for all persons engaged in the work of dredging for oysters, etc., of a natural growth, not the private property of an individual or contained in a private lot.

An individual may be the owner of oysters in the tide waters of a bay or arm of the sea, which may be a common fishery to all the inhabitants of the state or town, if they have been planted by him or by those from whom he derives the right to take them, in a bed clearly marked out and defined, where there were no oysters growing spontaneously at the time.

Upon trial of an indictment for a violation of said act, it appeared that defendant dredged for oysters with a steam dredge, in the day-time, in the waters of said bay in the town of Brookhaven; the place was a private oyster lot, held by A. under a lease from the town; there were no oysters of natural growth on the lot when leased; defendant planted it with oysters with the consent of said lessee, and was gathering them under authority from him; it also appeared that the use of a steam dredge was not injurious to the propagation or growth of oysters on said lot. *Held,* that the act was not applicable and that a conviction was error.

*People* v. *Hazen* (52 Hun, 370), reversed.

(Submitted April 24, 1890; decided May 9, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 13, 1889, which affirmed a judgment of the Court of Sessions of the county of Suffolk, entered upon a verdict convicting defendant of a misdemeanor in catching or taking oysters in the waters of Great South bay with a dredge or drag.

The material facts are stated in the opinion.

*A. A. Spear* and *T. M. Griffing* for appellant. Section 1 of chapter 234 of the Laws of 1870 does not apply to oyster beds in Great South bay. (Laws of 1882, chap. 178; Penal Code, § 442; Laws of 1888, chap. 526.) If the legislature intended to make section 1 of chapter 234 of the Laws of 1870 applicable to planted oyster beds it is unconstitutional. (*Rogers* v. *Jones,* 1 Wend. 237; *Fleet* v. *Hegeman,* 14 id. 42; *Decker* v. *Fisher,* 4 Barb. 592; *Lownes* v. *Dickerson,* 34 id. 586; *McCarthy* v. *Holman,* 22 Hun, 53; *Housman* v. *Weir,* 15 Abb. [N. C.] 415; *Pumpelly* v. *G. B. Co.,* 13 Wall. 166; *Post* v. *Kreischer,* 103 N. Y. 110; Laws of 1866, chap. 753; Laws of 1872, chap. 483; *Trustees of Brookhaven* v. *Strong,* 60 N. Y. 56; *Roe* v. *Strong,* 107 id. 350; *Vingut*

v. *Setauket Church*, 102 id. 672 ; Const. art. 1, § 6 ; *People ex rel.* v. *Otis*, 90 N. Y. 48 ; *In re Jacobs*, 98 id. 98 ; *Wyne-hamer* v. *People*, 13 id. 378 ; *Rockwell* v. *Nearing*, 35 id. 302 ; *People* v. *Marx*, 99 id. 377 ; *People* v. *King*, 110 id. 418 ; *People* v. *Gillson*, 109 id. 389, 399.) Statutes in deroga-tion of the rights of property, or that take away the estate of a citizen, are to be construed strictly. (*Washington Cemetery* v. *P. P. & C. I. R. R. Co.*, 68 N. Y. 591.) A statute which is restrictive of a common-law right should not be extended beyond its fair import and intent. (*McManus* v. *Gavin*, 77 N. Y. 36 ; *Fitzgerald* v. *Quann*, 109 id. 441.)

*Wilmot M. Smith* for respondent.

PECKHAM, J. The defendant was convicted upon an indict-ment charging him with the crime of catching or taking oysters in the waters of the South bay, in the county of Suffolk, with a dredge or drag, against the form of the statute, etc. The defendant pleaded not guilty, and upon the trial it was proved that in the town of Brookhaven, in the waters of the Great South bay, in Suffolk county, on the 11th of May, 1888, he dredged with a steam dredge for oysters in the day-time. It further appeared that the place where the defendant thus dredged was upon a private oyster lot, held by one Thomas Otis, under a lease from the town of Brookhaven, and that defendant acted under a power of attorney from the lessee to take up and carry away the oysters. The lot contained about four acres ; it had been known for eight years ; it was examined when leased and there were no oysters of natural growth upon it. The boundaries of the lot were definitely known, and it had been planted with from 3,000 to 5,000 bushels of oysters. It would seem that the defendant had planted his oysters on this private lot leased to Otis, with the consent of the latter, and was gathering them under the authority which he had from Otis. It also was shown that the use of a steam dredge was not injurious to the propagation or growth of oysters on defendant's lot, nor did it injure them.

Upon this evidence the case was submitted to the jury, under a charge that the case for the People had been made out, and that the rendering of a verdict was a mere matter of form. An exception was taken to the direction of the court. The conviction was affirmed at the General Term, and from the judgment of affirmance the defendant appeals here.

It is claimed that the act of the defendant is prohibited by section 1, of chapter 234 of the Laws of 1870, which chapter is entitled "An act for the preservation of shell fish in the waters of South bay, in Suffolk county."

The first section reads as follows : "No person shall catch or take any oysters, clams, mussels or shells in the waters of South bay, in Suffolk county, with a dredge or drag." The defendant urges two defenses — the first, that the act does not apply to persons taking their own oysters out of their private lots or beds in the waters of the bay in question ; and second, that if the act do so apply, it is unconstitutional. It seems to us that the first objection is a good one. It has been held for a long number of years that an individual can, under certain conditions, be the owner of oysters in a bay or arm of the sea. The oysters must have been planted by the individual claiming them, or by those from whom he derives the right to take them. The place where they were planted must have been in a bed clearly marked out and defined, and where there were no oysters growing spontaneously at the time, and in such cases the private property in the oysters exists where the lot lies in the tide waters of a bay or arm of the sea, which may be a common fishery to all the inhabitants of the state or the town. (*Fleet* v. *Hegeman*, 14 Wend. 42 ; *Lowndes* v. *Dickerson*, 34 Barb. 586 ; *Post* v. *Kreischer*, 103 N. Y. 110.)

No claim is made that the defendant did not bring himself within all the conditions necessary to make the lot where the oysters were taken, a private lot, and the oysters themselves his private property. The legislature, following the principle maintained by the courts, has recognized and protected this individual ownership of oysters so planted, and by an act (Chap. 753, Laws of 1866) has provided for the punishment

of any person who should unlawfully take and carry away oysters of another, planted upon the bed of any of the rivers, bays, sounds or other waters within the jurisdiction of the state. The defendant being thus the absolute owner of the oysters which he had planted in this private lot, can it be claimed with any plausibility that the legislature meant to deprive such an owner of his right to take his own oysters from the bed of his private lot by means of a dredge or drag? We think not.

The title of the act in question is a general one, "for the preservation of shell fish in the waters of South bay, in Suffolk county." It seems to us clear that the intent of the legislature to be gathered from the title, is an intent to provide a rule of conduct for all persons engaged in the work of dredging for oysters, etc., of a natural growth, and which do not belong as private property to some individual, and which are not contained in a private lot. The title, of course, cannot control the clear meaning of the words actually used in the statute, but where the question arises as to the meaning of the language used, reference is not prohibited. It may well be that this method of taking oysters had been found to be inconsistent with their due propagation in, and their continued supply from the public waters described in this act. Inconsistent with their propagation, because taken in such quantities that no time was allowed for it. Such a reason would have no force in the case of a private bed, because the owner is under no obligation to await any such result, and his right of property would permit him to ignore it. But as to the public waters which included the oysters of a natural growth, the question is very different. To preserve them, the act prohibits such a means of taking them. If preserved, they would propagate, and thus continue a source of supply to the public. The oysters of the private owner belong to him to do what he likes with them. He may leave them there and refuse to dig them himself or permit others to dig them. He could cover them over with earth and thus forever ruin them. In brief he could exercise the usual rights of an owner over his own property.

How could the act in question tend to preserve such oysters? To say that the owner shall not take them by this means, when he has the absolute power of entire destruction over them, would be idle. It would accomplish nothing towards the preservation of the oysters, if the owner were intent upon their destruction. Can it be supposed that such a case was in the mind of the legislature when there is a sufficiently wide field for the proper application of the language used by it, by confining it to the case of the public waters and to the rights of the public to the natural oysters therein growing? The answer is, we think, quite apparent.

There is no claim made that by the use of a dredge or drag in a private lot, any possible injury could be inflicted upon oysters outside such lot, and if the claim of that character were made, it would seem to us to be one most difficult to be substantiated.

The third section of this act we think strengthens our view. It is therein provided that no person shall take oysters, etc., from any public or *private* bed, or in any of the waters of the South bay, except between sunrise and sunset in any day. Thus where the provision is one which might perhaps be claimed to be of a general police character, the private bed is specifically and in terms included within the prohibition. Without further discussion we think it enough to say we are convinced that the act is not applicable to the defendant's case. This leaves out of the controversy the question whether, if applicable, the statute would be a constitutional exercise of legislative power, upon which we express no opinion.

The judgment should be reversed and defendant discharged.

All concur.

Judgment reversed.