We see no error in the record and the judgment should be affirmed.

All concur.

---

## Court of Appeals — Second Division.

January 20, 1892.

## PEOPLE v. STANLEY H. LOWNDES.

(42 St. Rep. 360; 130 N. Y. 455.)

Criminal law—Indictment—Section 441 of Penal Code.

An indictment under section 441 of the Penal Code, which omits the words of the statute, "on his own account or for his benefit, or benefit of nonresident employer," fails to state facts constituting offense.

Appeal from judgment entered upon the order of the general term of the supreme court in the second judicial department, affirming judgment of the court of sessions of the county of Suffolk.

James C. Carter and Martin J. Keogh, for appellant.

Charles R. Street and N. S. Ackerly, for respondents.

BRADLEY, J.—The purpose of the indictment against the defendant was to charge him with the violation of the statute which provides that "A person who, not being at the time an actual inhabitant and resident of this state, plants oysters in the waters of this state, without the consent of the owner of the same, or of the shore, or gathers oysters or other shell fish from their beds of natural growth, in any such waters on his own account or for his own benefit, or the benefit of a non-resident employer, is guilty of a misdemeanor, punishable by imprisonment not exceeding six months, or by fine not exceeding one hundred dollars, or both." And the indictment was that, "The said Stanley H. Lowndes, then not being an actual inhabitant and resident of the state of New York, at the town of Huntington in the county of Suffolk aforesaid, on the 14th day of July, 1888, willfully and wrongfully planted oysters in the waters of Huntington Bay in said town and county without the consent of the owners of the same, to wit: the board of trustees of the town of Huntington, against the form of the statute in such case made and provided, and against the peace of the People of the state of New York and their dignity." The defendant demurred to the indictment on the ground that it failed to state facts sufficient to constitute an offense against the criminal law. The demurrer was overruled and exception taken. The defendant thereupon entered his plea of not guilty. And the trial resulted in his conviction.

It appeared by the evidence that in July, 1888, the defendant was engaged in planting oysters in Huntington Bay; that he was then a resident of the state of Connecticut; and that he was doing his work as the employe of his father, John Lowndes, also a resident of that state, who twenty years before had staked out the grounds and buoyed them off at the place in question in the bay, and thereafter had been engaged in planting natural oysters and gathering the cultivated oysters there.

In the view of the trial court the only question of fact was whether the place where the oysters were planted by the defend-

ant was within the town of Huntington; and that was dependent upon the northern boundary of the royal patent from the crown made by Richard Nicholls, Governor General, etc., November 30, 1666, to the freeholders and inhabitants of the town of Huntington, confirmed by the charter of Thomas Dongan, captain general and governor in chief of New York, etc., August 2, 1688, and by Benjamin Fletcher, captain general and governor in chief, etc., October 5, 1694. These colonial patents or grants bounded the land embraced within them on the north by the Sound, that is, what is known as Long Island Sound. The bay was an open one widening to the north; and it is claimed on the part of the defense that the bay is within the Sound; and that the determination by the court that Northport bay was within the limits of the royal patent has no essential application here because that was a land-locked harber. Brookhaven v. Strong, 60 N. Y. 72; Robins v. Ackerly, 91 id. 98. If the locus in quo was not within the colonial patent or grant it was the property of the state, and passed to the trustes of the town of Huntington by the legislative act of cession of May preceding the time of the alleged offense. Laws 1888, chap. 279. The view taken of the case renders it unnecessary to consider the question of the northern boundary of the premises embraced in the patent, or the effect upon the rights of John Lowndes of the act of cession of 1888. Nor is it necessary to inquire whether any other question of fact bearing upon the intent of the defendant should have been submitted to the jury, as urged by the defendant's counsel. The case may be disposed of upon the exception taken to the ruling upon the demurrer.

The statute was passed with the view to discrimination between these persons who were and those who were not residents of the state and in favor of the former to the exclusion of the latter for the purpose of planting and gathering oysters in its waters. This, to that extent, is a lawful exercise of legislative power over the common property of the citizens of the state. McCready v. Virginia, 94 U. S. 391.

The statute created two offenses. One for planting oysters in the waters of the state, and the other for gathering oysters and other shell fish from their natural beds in any such waters. The words "without the consent of the owner of the same or of the

shore," include the owners, whoever they may be, and are ap-
plied to the person planting who is not then an actual inhabitant
or resident of the state.    If this is all that is essential to the of-
fense and all that is made requisite by the statute the indict-
ment was sufficient.

But it is quite evident that such is not the construction in-
tended or to which the statute is entitled.    The subsequent
words, "on his own account or for his own benefit, or the benefit
of a non-resident employer," are applicable alike to both of-
fenses.    It may be that a different legislative intent may have
been applied to the interpretation of the section, if reference to
a person not being an inhabitant and resident of the state had
by express repetition been made applicable to the offense of
gathering oysters, etc., but the words "on his own account," etc.,
relate back to the person first and only mentioned at the open-
ing of the section.    And while those words are more closely
in position connected with the statement of the second offense
than with the other it seems clear that they were intended to
be attached and made essential to the offense first mentioned
in the section.    It is quite difficult to see that it was intended to
so discriminate between the offenses as not to make that of
gathering oysters from their natural beds a criminal offense
unless done by a non-resident on his own account or for his own
benefit or the benefit of a non-resident employer, and not to
make those conditions requisite to the offense of planting oys-
ters.    The other view of the provisions of the section and that
upon which the indictment was framed might lead to the in-
quiry whether the provisions purporting to create the offense of
planting contain all the requisites of a criminal offense.    They
certainly might be construed to impute a crime to a person not
chargeable with the offense.    The owner mentioned in the stat-
ute refers to the owner of the waters of the state, and this means
waters within the state by whomsoever owned.    A person not
having the title may have the right to plant oysters in such
waters.    He may take it by license.    And he may employ a per-
son not an inhabitant and resident of this state to plant oysters
there.    And the privilege of a citizen of any one of the United
States, no less than that of a citizen of this state, to accept law-
ful employment and perform service within it has the constitu-

tional guaranty that "the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states." U. S. Const., art. 4, § 2; Slaughter House cases, 16 Wall. 77.

But the construction given to the statute in question renders it unnecessary to pursue further the subject of constitutional guaranty, or to seek to apply it to the present case. And as an essential element of the statutory offense of planting oysters by a non-resident is that it be done on account or for the benefit of the person doing it, or for the benefit of a non-resident employer, the failure to charge that fact in the indictment was a substantial omission. And the rule which requires for its support when challenged that all ingredients essential to the offense be alleged renders the indictment fatally defective. People v. Gates, 13 Wend. 311; People v. Allen, 5 Denio, 76; Eckhardt v. People, 83 N. Y. 462; U. S. v. Carll, 105 U. S. 611.

While the words used in a statute to define a crime need not be strictly pursued in the indictment, words conveying the meaning of those employed by the statute to express the ingredients of the offense may be used. Code Crim. Pro. § 283. Imperfections in matter of form may be disregarded, Id. § 285, but the substance of all that is requisite to the offense must be alleged. Pontius v. People, 82 N. Y. 339; People v. King, 110 id. 418; 18 St. Rep. 353; People v. Clements, 107 N. Y. 205; 11 St. Rep. 384.

The question here is not one of form or particularity of statement of the matters essential to the crime, but of entire failure to allege them in any manner. It is urged that because the two offenses mentioned in section 441 of the Penal Code had separate sources in prior statutes, Laws 1866, chap. 404, § 6; Laws 1879, chap. 87, the provisions should have the construction that they were there severally entitled to. But it may be observed that the provisions of that section of the Laws of 1866 embracing both of the offenses materially differ in structure from those in the statute under consideration. And the other prior statute referred to, amendatory of Laws 1878, chap. 302, had relation only to raking or gathering of oysters or other shell fish by non-residents of the state on their own account and for their own benefit, or on account or for the benefit of non-resident employ-

ers, and was not confined to taking them from their beds of natural growth. That statute could not have been effectual to deny to the owner, although a non-resident, the right of taking his oysters from the waters of the state, if he owned any which he had planted there. People v. Hazen, 121 N. Y. 313; 31 St. Rep. 72. In the case last cited the constitutional question was not considered, nor was it necessary to do so for the purpose of the result reached. We fail to find anything in the prior statutes before mentioned to legitimately indicate a legislative intent in support of the constuction of the present statute contended for on the part of the prosecution. And the view here taken of its construction leads to the conclusion that the judgment should be reversed and the defendant discharged.

All concur.