RICHARD D. ROBENS, RESPONDENT, *v.* CHARLES R. BAR-RETT, APPELLANT, IMPLEADED WITH OTHERS. DEFENDANTS.

*Injunction — in an action in the nature of ejectment — enjoining the removal by a contract vendee of carp with which a pond is stocked.*

In an action brought by Richard D. Robens against two persons named Hillman, and against Charles R. Barrett, to recover the possession of premises which Robens had contracted to sell to William L. Hillman, Robens obtained a perpetual injunction against all the defendants restraining them from removing certain German carp from a pond on the premises.

The complaint set up the contract of sale with Hillman and his default, and alleged that the other defendants had, or claimed to have, an interest in the premises. It also alleged that there was a pond on the premises in which the defendants had placed German carp, and that, as an inducement to plaintiff to refrain from enforcing his contract rights, the defendants agreed to sell the carp when matured and apply the proceeds to the payment of the purchase-price of the land; that they were removing the fish to another place, and that without them the premises were not worth the sum due him.

The answer of the defendants Hillman alleged that no pond existed when they bought the premises; that they had constructed it by a dam; and they denied that the agreement set forth in the complaint with reference to the carp had been made.

The answer of Barrett alleged that he himself had placed the carp in the pond, and had removed some of them as he had a right to do. He also denied the alleged agreement as to the carp or that he wrongfully withheld possession of the premises.

Upon Barrett's appeal from a judgment for the plaintiff in the action, and from an order denying a motion to dissolve the injunction:

*Held,* that the injunction relating to the fish was improperly granted.

That as to Barrett the complaint established no cause of action in ejectment.

That the complaint did not show that the carp were a part of the realty. or that their removal was waste or would cause irreparable injury.

66 189|
143a 673|

That fish which the owner could reclaim were his own property, while, if they existed in a wild state, they belonged to no one.

That, even if the title to the fish could have been shown to be in dispute the plaintiff would have had his action at law, and could not go into equity and obtain the extraordinary remedy of an injunction.

APPEAL by the defendant Charles R. Barrett from a judgment of the Supreme Court, entered in the office of the clerk of Saratoga county on the 30th day of December, 1891, for the recovery by the plaintiff of certain premises, and containing an injunction restraining the defendants from interfering with or removing certain German carp from a pond on the premises, with notice of an intention to bring up for review upon the appeal an order denying a motion to dissolve a temporary injunction of a similar nature, and making the injunction perpetual.

The action was tried before the court at the Saratoga Circuit.

*W. B. French,* for the appellant.

*J. W. Crane,* for the respondent.

MAYHAM, P. J.:

This is an appeal from a judgment in favor of the plaintiff for the recovery of the possession of the real estate described in the complaint, and also granting a perpetual injunction against the defendants, restraining them from the removal of fish from a pond on the premises so recovered.

The complaint in this action alleged that the plaintiff was the owner in fee of the land described in the complaint, and that on the 7th day of March, 1881, he entered into a contract in writing with the defendant William H. Hillman for the sale of such premises to him at a sum specified in the contract to be paid as therein specified, and giving the purchaser the right to immediate possession, with condition that on default by the purchaser, in the payment of the purchase-price or performance of any of the covenants contained in the contract, he would deliver to the plaintiff the possession of the premises. The complaint also alleged that the purchaser, the defendant William H. Hillman, went into possession under such contract, and that before the commencement of the action the purchaser made default in payment, and was, at the time of the commencement of the action, unlawfully withholding the possession of said premises from the plaintiff.

The complaint also alleges that the other defendants in this action have, or claim to have, some interest in the premises sought to be recovered. The complaint also alleges that there is upon the premises a large pond of water, in which the defendants have placed a large quantity of fish, called German carp, and that as an inducement for the plaintiff to forbear from enforcing his rights under the contract, the defendants agreed that as soon as said fish became of marketable size the same should be sold, and the proceeds thereof applied on the payment of the money due on the land contract, and the complaint alleges that in violation of that agreement the defendants are removing said fish to other premises, and that the premises, without such fish, are not worth the sum due on the contract, and the complaint asks for a perpetual injunction enjoining and restraining the defendants from removing such fish.

Upon this complaint and affidavits, served with it, a temporary injunction was obtained restraining the removal of the fish from the pond on the premises in question.

The answer of the defendants William L. and Walter W. Hillman allege, in substance, that, at the time of making the contract, there was no pond on the premises contracted to be sold, and that since the contract they, with the other defendants, had constructed a dam across a stream on said land by which the pond thereon was created. They also allege in their answer that the contract mentioned in the plaintiff's complaint had been mutually abandoned by the parties thereto, so far as the time of payment was concerned, and the time of making the payment was, by such agreement, extended until April 1, 1892, and so much longer as the parties shall then agree.

The answer also alleges a payment at the time of such extension agreement. The answer also denies that, as a consideration for, or an inducement to, the plaintiff to extend the time of payment, that they would sell the fish in said pond and apply the proceeds in payment of the money due on the land contract.

The defendant Charles R. Barrett admits that he has an interest in the pond of water on the premises mentioned in the complaint, and that he has placed therein a large quantity of valuable fish, called German carp, and that he has removed some of such fish to an adjoining pond, as he had (as he alleges) a lawful right to do.

He denies that he wrongfully withholds the possession of the

premises, and that he ever agreed to apply the proceeds of the sale of the fish upon the land contract as an inducement for an extension of the time of payment of the plaintiff.

On these pleadings and the affidavits used by the plaintiff in procuring the temporary injunction, and the affidavits prepared and served on a motion to dissolve the same, it was stipulated that a motion to dissolve should stand over and be heard by the judge who should try the issue in the case; and the same accordingly came on with the trial, at which time said motion was made and denied, and on the hearing of the action, upon the merits, the judgment and relief demanded in the complaint was granted, and from that judgment and decree, as well as from the order denying the motion to dissolve the injunction, the defendant Charles R. Barrett alone appeals.

While the recovery of the possession of the real estate, agreed to be sold by the plaintiff to the defendant William L. Hillman, was a proper subject of recovery in this action, after default in the payment of the contract-price, we do not see upon what principle an action for an injunction restraining the taking of fish from this pond can be maintained, either as an independent action or as an adjunct of the action of ejectment, and it is from the judgment and decree enjoining the defendant Barrett from removing the fish and the recovery of costs against him that he appeals.

The action of ejectment is not prosecuted against him, on the ground that he is in possession solely or jointly with the other defendants and wrongfully withholding the same from the plaintiff, and the complaint, as to him, would be entirely insufficient to authorize a recovery in ejectment.

The complaint sets up the contract with William L. Hillman for the purchase of this land, and alleges his default and charges that he is in possession and wrongfully withholding the same.

The complaint does not show, nor does the evidence establish that the removal of fish placed in this dam was a part of the real estate contracted by the plaintiff to the defendant William L. Hillman, or that their removal by the defendant Barrett was waste or irreparable injury to the freehold.

The case shows that the defendant Barrett assisted the defendant Morgan Hillman, one of the defendants, in constructing the dam,

and that Barrett stocked the same with fish. The fish, under such circumstances, while the property was in the possession of the defendant Hillman, were clearly the private property of the defendant Barrett, if so far reclaimed as to be within his control, and if unreclaimed, and in their wild state, and not within the control or dominion of Barrett, then they were *feræ naturæ*. creatures in which no one could claim or maintain any valid title.

It is quite true, that had the subject of the injunction been a barn upon the premises, at the time of making the contract of purchase, or windows in the house, or shelves or drawers in a store, the vendor, after default, could prevent their removal by the vendee or a stranger, on the ground that their removal would be a waste or destruction of the freehold. (*Tabor* v. *Robinson*, 36 Barb., 483.) But this would not be so of sheep upon the premises, doves in a dove-house or fowls in a hen-house, placed there by the purchaser, and which, by carol, cage or house, were within the dominion of the person placing them on the premises, and the same, we think, is true of German carp enclosed and propogated in a private pond.

In *Fleet* v. *Hegeman* (14 Wend. R., 42), it was held that oysters planted by an individual, in a bed clearly designated and marked, in a bay or arm of the sea, which is a common fishery, are the property of him who plants them. And the same doctrine was repeated in *Decker* v. *Fisher* (4 Barb., 592), and to the same effect, *Lowndes* v. *Dickerson* (34 id., 586), also in *Post* v. *Kreischer* (103 N. Y., 110), and these cases hold that interference with the owner's right is a trespass for which an action of trespass will lie.

That being so, an injunction would not lie to restrain its removal, even if the title was in dispute, or concededly in the plaintiff. In that case, trespass, or an action at law to recover the value of the property taken, or replevin, an action to recover the possession of personal property wrongfully taken or detained, would be the proper remedy.

The extraordinary power of a court of equity could not be invoked in such case for the reason that the party has an adequate remedy at law.

This rule is too familiar to require citation of authorities. It is not sufficient to authorize the remedy by injunction, that the viola-

tion of a naked legal right is threatened, there must be some special ground of jurisdiction, and when the injunction is the final relief sought, the facts entitling the plaintiff to it must be averred in the complaint, and proved.

We think that neither of these essential requisites exists in this case, and that the judgment and decree for an injunction, as to the defendant Barrett, should be reversed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment and decree against Barrett reversed.