### PEOPLE v. REED.

(Supreme Court, Appellate Division, Second Department. December 12, 1899.)

DISORDERLY HOUSE—KEEPING PLACE FOR SMOKING OPIUM—EVIDENCE.

     One cannot be convicted under Pen. Code, § 388, making it a misdemeanor for one to "open or maintain a place where opium is smoked by other persons, or to sell or give away opium to be there smoked or otherwise used," when the evidence shows that defendant maintained a place where opium was smoked, but does not show whether defendant or other persons did the smoking.

Appeal from court of special sessions of city of New York.

Lizzie Reed was convicted of maintaining a place where opium was smoked, and she appeals. Reversed, and a new trial ordered.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and WOODWARD, JJ.

William O. Miles, for appellant.

Edw. H. M. Roehr, for the People.

GOODRICH, P. J. The defendant was convicted under section 388 of the Penal Code, which reads in part as follows:

"A person who * * * (2) opens or maintains a place where opium, or any of its preparations, is smoked by other persons, or (3) at such place sells or gives away any opium, or its said preparations, to be there smoked or otherwise used, * * * Is guilty of a misdemeanor."

The counsel for the appellant contends that the complaint does not charge a crime within the language quoted. In Pontius v. People, 82 N. Y. 339, it was held that a count of an indictment setting forth the substance of the offense, with the circumstances necessary to render it intelligible and to inform the accused of the allegations against him, is sufficient. A similar decision was made in People v. Lowndes, 130 N. Y. 455, 29 N. E. 751.

The defendant was arrested at a house on Livingston street, in the borough of Brooklyn, by a police officer, and taken before a city magistrate, where a complaint was made by the officer, charging that the defendant had in her apartments, at the place named, "opium, or a preparation of opium, used by opium smokers, an opium pipe, and other paraphernalia used in smoking opium, and permitted other persons to visit her apartments for the purpose of smoking opium, in violation of section 388 of the Penal Code." There was also a complaint of the landlord of the premises, stating that the defendant hired and occupied the apartments in question, and was in possession thereof on the day of the arrest. The facts proved at the trial doubtless warranted a finding that the defendant maintained the place, and that opium had been smoked there. The odor of fresh opium smoke was sufficient for this purpose. But the difficulty in the case is this: It might just as well have been the defendant who smoked the opium, as other parties; and it is impossible, on the evidence, to say that it was not she alone. Under the Penal Code, it is a misdemeanor to maintain a place at which opium "is smoked by other persons," but not at which the maintainer alone smokes. In this respect the evidence is fatally defective. We think the defect might have been supplied, had evidence been given as to the condition of the persons, other than the defendant, found on the premises, and had such condition been shown to be such as is usually presented after the smoking of opium; but no evidence of that character was given.

The judgment of conviction should be reversed, and a new trial granted. All concur.