PEOPLE, Respondent, v. HAWKES et al., Appellants. (Supreme Court, Appellate Division, Second Department. February 2, 1900.) Proceedings by the people of the state of New York against Madeline Hawkes and others.

PER CURIAM. Judgment reversed, and new trial granted in the court of special sessions. Money paid in satisfaction of fines ordered to be restored to appellants, upon condition that they appear before the trial court and comply with any order which it may make in the premises.

PEOPLE v. HAWKES et al. SAME v. NORMAN. SAME v. McDONALD. (Supreme Court, Appellate Division, Second Department. January 16, 1900.) Proceedings by the people of the state of New York against Madeline Hawkes, Richard Hawkes, Albert Norman, and Charles McDonald.

PER CURIAM. The convictions in these cases cannot be reversed, even upon the consent of the district attorney, without proof by affidavit that the facts in each case bring it within the principle of our decision in the case of People v. Reed (Sup.) 61 N. Y. Supp. 520. This proof should be submitted to the present district attorney, who is entitled to notice of the application.

PEOPLE, Respondent, v. McADAMS, Appellant. (Supreme Court, Appellate Division, Fourth Department. February 13, 1900.) Proceedings by the people of the state of New York against Henry McAdams. No opinion. Judgment of conviction affirmed, and proceedings remitted to the county court, pursuant to section 547 of the Code of Criminal Procedure. All concur, except ADAMS, P. J., not voting.

PEOPLE, Respondent, v. McDONALD, Appellant. (Supreme Court, Appellate Division, Second Department. February 2, 1900.) Proceedings by the people of the state of New York against Charles McDonald.

PER CURIAM. Judgment reversed, and new trial granted in the court of special sessions. Money paid in satisfaction of fine ordered to be restored to appellant, upon condition that he appear before the trial court and comply with any order which it may make in the premises.

PEOPLE v. MAURO. (Supreme Court, Appellate Division, First Department. February 16, 1900.) Proceedings by the people of the state of New York against Vincenzo Mauro. No opinion. Motion granted.

PEOPLE, Respondent, v. NIEMANN, Appellant. (Supreme Court, Appellate Division, First Department. January 12, 1900.) Proceedings by the people, etc., against Netti Niemann. A. Rosenthal, for appellant. C. E. Le Barbier, for the People. No opinion. Judgment affirmed.

PEOPLE, Respondent, v. NORMAN, Appellant. (Supreme Court, Appellate Division, Second Department. February 2, 1900.) Proceedings by the people of the state of New York against Albert Norman.

PER CURIAM. Judgment reversed, and new trial granted in the court of special sessions. Money paid in satisfaction of fine ordered to be restored to appellant, upon condition that he appear before the trial court and comply with any order which it may make in the premises.

PEOPLE v. PECK. (Supreme Court, Appellate Division, First Department. February 16, 1900.) Proceedings by the people of the state of New York against Ellen E. Peck. No opinion. Motion granted.

PEOPLE v. ST. NICHOLAS BANK. (Supreme Court, Appellate Division, First Department. January 12, 1900.) Proceedings by the people, etc., against the St. Nicholas Bank. No opinion. Motion denied, with $10 costs.

PEOPLE, Respondent, v. TOLEDO, Appellant. (Supreme Court, Appellate Division, Fourth Department. February 13, 1900.) Proceedings by the people of the state of New York against Lena Toledo. No opinion. Judgment of conviction affirmed, and case remitted to the county court, pursuant to section 547 of the Code of Criminal Procedure.

PEOPLE, Respondent, v. YORAN et al., Appellants. (Supreme Court, Appellate Division, Third Department. September, 1899.) Action by the people of the state of New York against Edward Yoran and others. Edward and William Yoran appeal from judgments of conviction of burglary. Judgment of conviction reversed, and a new trial ordered.

PER CURIAM. The conviction in this case rests upon the testimony of a confessed accomplice of the defendants. Testimony was given by other witnesses, but it fails to corroborate the accomplice in any of his testimony connecting the defendants with the crime, or identifying them as associated with him. The majority of the court think a new trial should be granted. One member of the court thinks that, as the defendants were entitled to an acquittal upon the evidence, they should not again be put in jeopardy.

PEOPLE ex rel. BINKOWSKI v. WILLIAMS et al. (Supreme Court, Appellate Division, Fourth Department. January 23, 1900.) Proceedings by the people, on the relation of Thomas A. Binkowski, etc., against Alexander Williams, Sr., mayor, etc., and others. No opinion. Motion to dismiss writ of certiorari granted, with $25 costs and disbursements.

PEOPLE ex rel. BURR v. BOARD OF SUP'RS OF BROOME COUNTY. (Supreme Court, Appellate Division, Third Department. January 23, 1900.) Proceedings by the people, on the relation of Daniel S. Burr, against the board of supervisors of Broome county. No opinion. Determination of board of supervisors confirmed, with $50 costs and disbursements. All concur, except SMITH, J., who dissents. See 60 N. Y. Supp. 1145.