## BARRETT v. FOOK.

### (Supreme Court, Appellate Term. May 4, 1911.)

1. POISONS (§ 9*)—KEEPING PLACE FOR SMOKING OPIUM.

 The mere fact that opium and paraphernalia used in smoking opium are on a person's premises does not show a violation of Penal Law (Consol. Laws 1909, c. 40) § 1533, punishing one who opens or maintains a place where opium is smoked by others, or who sells or gives away opium to be there smoked.

 [Ed. Note.—For other cases, see Poisons, Dec. Dig. § 9.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. LANDLORD AND TENANT (§ 308*)—DISPOSSESSION OF TENANT—GROUNDS—PETITION.

A petition by a landlord to dispossess his tenant, which alleges that the tenant carried on the sale and exposure for sale on the premises of opium contrary to law, is not sustained by evidence that opium was smoked on the premises contrary to law; but the landlord must show that the tenant carried on an illegal trade in selling opium or exposing it for sale.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 308.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Summary proceedings by Thomas Barrett, a landlord, against Louie Fook, a tenant, to dispossess the tenant. From a final order dispossessing the tenant, he appeals. Reversed, and petition dismissed.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

John Lotito (J. Philip Berg, of counsel), for appellant.

SEABURY, J. This proceeding was brought to dispossess the tenant, upon the ground that the tenant occupied the premises for an illegal trade or business. The allegation of the petition is that the tenant carried on "the sale and exposure for sale on said premises of opium contrary to law." There is no evidence in the record to show that opium was sold or exposed for sale upon the premises.

[1] While the evidence may have justified the inference that opium was smoked upon the premises contrary to law, and this fact would in a proper case have justified the dispossession of the tenant, the petition in the present proceeding contains no such allegation. Penal Law, § 1533. The landlord was not entitled to succeed in this proceeding, unless he proved the allegations of his petition, and the evidence adduced fell far short of doing this. The mere fact that opium and paraphernalia used in smoking opium were upon the premises was not itself sufficient to show that the Penal Law had been violated. People v. Reed, 46 App. Div. 625, 61 N. Y. Supp. 520.

[2] Under the allegations of the petition, it was incumbent upon the landlord, in order to dispossess the tenant, to show that the tenant was carrying on an illegal trade or business in selling opium or exposing it for sale. Having failed to prove the facts set forth in his petition, the petition should have been dismissed without prejudice to the right of the landlord to commence a new proceeding.

The final order awarding possession to the landlord is reversed, with costs, and the petition is dismissed, and restitution is awarded to the tenant, with costs, without prejudice to the landlord to institute another proceeding. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes