THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v. STANLEY H. LOWNDES, APPELLANT.

*Planting oysters — Penal Code, sec. 441 — indictment under.*

Under section 441 of the Penal Code two offenses are defined; one where a person, who is not an actual inhabitant and resident of the State, plants oysters in the waters of the State without the consent of the owner of the same or of the shore; the other, where a non-resident gathers oysters from a bed of natural-growth oysters for his own benefit or for the benefit of a non-resident employer.

It is not necessary to establish, under an indictment charging the offense of planting oysters by a non-resident, that such planting of oysters was for his own benefit or for the benefit of a non-resident employer. (DYKMAN, J., dissenting.)

No title to land under water can be acquired by the planting of oysters thereon for any length of time.

APPEAL by the defendant from a judgment of conviction of the defendant under an indictment charging that "the said Stanley H. Lowndes, then not being an actual inhabitant of the State of New York, at the town of Huntington, in the county of Suffolk aforesaid, on the 14th day of July, 1888, unlawfully and wrongfully planted oysters in the waters of Huntington bay, in said town and county, without the consent of the owners of the same, to wit, the board of trustees of the town of Huntington, against the form of the statute in such case made and provided, and against the peace of the people of the State of New York and their dignity.

*Martin J. Keogh,* for the appellant.

*Charles R. Street* and *N. S. Ackerly,* for the respondent.

BARNARD, P. J.:

By section 441 of the Penal Code, it is made a misdemeanor for a person who is not an actual inhabitant and resident of the State to plant oysters in the waters of the State without the consent of the owner of the same or of the shore. The same section makes it a misdemeanor for a non-resident to gather oysters from a bed of natural-growth oysters for his own benefit or for the benefit of a non-resident employer.

There is no connection between the two offenses. One is made out by mere planting without the consent required, the other prevents

non-residents from getting oysters from natural beds for their own benefit. A non-resident may not plant. A non-resident may be employed by a resident to gather from natural beds for the resident, but he may not gather himself or employ another to do so. The indictment is, therefore, good as it charges an offense under the section cited for planting without consent of owner being a non-resident. If this be the proper reading of the statutes, the offense was proven by the planting without consent, and the question whether the defendant intended to violate the law is immaterial. The planting was in Huntington bay, and the question of fact whether the bay was within the grant from Governor Nichols, and from Governor Dongan, and from Governor Fletcher, was put in evidence.

These several colonial grants have been conferred by the State of New York, and the question was one of description. It was proven by witnesses, who were acquainted with the premises, that Huntington bay was within the description of the grants in these patents, and the jury have so found. The planting was in this bay, and the indictment charges that the place of planting was without the consent of the trustees of the town of Huntington. The title to the town is fully proven and is a good title. (*Brookhaven* v. *Strong*, 60 N. Y., 72.)

The legislature, by chapter 279, Laws of 1888, ceded to the trustees of the town of Huntington all its right in Huntington bay. There was no proof in the case which permitted the jury to find otherwise, and there was, therefore, nothing upon which to base the usual charge that all doubts are to be cast in favor of the accused, so far as evidence related to the town of Huntington title.

The only other defense was a title by user for over twenty years in the defendant. No title to land under water can be acquired by the planting of oysters for any length of time without any other title than is acquired thereby.

The conviction should be affirmed.

PRATT, J., concurred.

DYKMAN, J. (dissenting):

The defendant was indicted under section 441 of the Penal Code, which reads as follows: "A person who, not being at the time an actual inhabitant and resident of this State, plants oysters in the

waters of this State, without the consent of the owner of the same or of the shore, or gathers oysters or other shell-fish from their beds of natural growth, in any such waters on his own account or for his own benefit, or the benefit of a non-resident employer, is guilty of a misdemeanor, punishable by imprisonment not exceeding six months, or by fine not exceeding one hundred dollars, or both."

The cultivation of oysters in this State, and especially in the waters of Long Island sound, in the vicinity of the city of New York, has come to be a very large and lucrative industry, and it has received encouragement and protection from the legislature in various ways; and the courts have never hesitated to effectuate the salutary purposes of the laws which have from time to time been enacted for such purposes.

The indictment against the defendant accuses him of the crime of planting oysters in the waters of the State of New York without the consent of the owners of the same, and ·without being at the time an actual inhabitant and resident of the State of New York, committed without being an actual inhabitant and resident of the State of New York, at the town of Huntington, in the county of Suffolk aforesaid, on the 14th day of July, 1888, by willfully and wrongfully planting oysters in the waters of Huntington bay, in the said town and county, without the consent of the owners, to wit, the board of trustees of the town of Huntington.   *   *   *

The statute under which this defendant was prosecuted makes it criminal to plant oysters in the waters of this State without the consent of the owner of the same or of the shore, or to gather oysters or other shell-fish from their beds of natural growth in any such waters, on his own account or for his own benefit, or the benefit of a non-resident employer, and an indictment under the statute must contain all the facts essential to constitute the crime.

It is necessary, under this statute, to do more than charge and prove that a defendant willfully and wrongfully planted oysters in the waters of Huntington bay without the consent of the owners. An essential element of a crime, under this statute, is the planting of oysters on the account of the defendant, or for his own benefit, or the benefit of a non-resident employer; and without that ingredient, there is no guilt and no crime.

We are not dealing with an act which is wrongful of itself, but

one which is wrongful because it is prohibited by positive law, and, therefore, all facts necessary to constitute the offense must be specifically stated and charged in the indictment. (*People* v. *Clements*, 42 Hun, 353 ; *People* v. *Monteverde*, 43 id., 447.) The objection to the indictment was distinctly raised by demurrer, and we think the demurrer should have been sustained.

This conclusion renders an examination of the merits unnecessary, but we feel justified in saying that the proof fails to bring the defendant within the mischief against which the statute in question was aimed. He was only a hired man, and did nothing for his own benefit. He claimed the right to go on these grounds and plant oysters for his father, and his father claimed the right to occupy the grounds, and he was never warned off or disturbed in any manner.

Upon the first ground examined the conviction should be reversed and the defendant discharged.

Conviction and judgment affirmed.