THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.*
REUBEN TANNER, Respondent.

Where language is used in a statute which has a natural and legitimate office to perform, a construction which will create a criminal offense when none is expressed, is not justified.

In an action to recover a penalty for an alleged violation of the provision of the statute in relation to fishing with nets in the fresh waters of this state (§ 23, chap. 534, Laws of 1879, as amended by chap. 127, Laws of 1884), which prohibits the catching or killing of any fish, with certain exceptions, among which are "suckers," in any way except by angling with a hook and line, in any of the fresh waters of the state, except certain places named, among which W. creek was not included, it was claimed that defendant had caught suckers with a net in W. creek, and had thereby rendered himself liable to the penalty prescribed by the statute; that the court should strike out the word suckers from the exceptions in the prohibitory clause, as in no other way could effect be given to certain other clauses in the form of exceptions contained in the statute, which provide that, in waters specified, it shall be lawful for certain persons to possess and fish for suckers with a seine or spear during certain months. *Held*, untenable; that the purpose of the clauses referred to was simply to limit and restrict, in the places named, the license to catch suckers given by the general exception.

The complaint also demanded the penalty imposed by said statute (§ 23) upon one having a net in his possession on the shores of waters inhabited by black or Oswego bass. The only proof introduced by plaintiff to show that the creek was inhabited by said bass, was that of a witness, who testified that he had once caught them therein, above the dam, which is near a river inhabited by them, and into which the creek empties. Defendant proved by several witnesses, who had fished in W. creek for many years, that they had never caught any of said bass in the creek, or seen any that had been caught there. The question was submitted to the jury and they found in favor of defendant. *Held*, no error.

(Argued June 19, 1891; decided October 6, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 11, 1891, which affirmed a judgment in favor of defendant entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*Martin Heermance* for appellant. The catching of suckers was within the prohibition of the statute. (Laws of 1879, chap. 534, § 23; Potter's Dwarris on Stat. 128.) Where acts are *in pari materia*, if the same words be used in both statutes, a distinction made in one is a legislative exposition of the sense in which it is to be understood in the other. (Potter's Dwarris on Statutes, 247; Laws of 1887, chap. 620, § 1.)

*Joseph Morschauser* for respondent. The findings of a jury upon conflicting testimony, will not be disturbed even though the appellate court might think otherwise. (*Cullen* v. *N. S. M. R. Co.*, 46 Hun, 562; *Thorn* v. *Beard*, 14 N. Y. Supp. 339.) The statute being of a penal nature, should be strictly construed. (*People* v. *Belknap*, 12 N. Y. Supp. 145; *Benton* v. *Wickwire*, 54 N. Y. 226; *Hall* v. *Siegel*, 7 Lans. 207; *Delafield* v. *Brady*, 108 N. Y. 524.) Courts cannot correct supposed errors, omissions, or defects in legislation. (*McClusky* v. *Cornwell*, 11 N. Y. 431; *People* v. *Potter*, 49 id. 385.) The statute should be read as a whole, it being ambiguous and uncertain, and the exceptions noted. (*People ex rel.* v. *McClave*, 99 N. Y. 89; 53 id. 233.) The costs

were properly awarded against the county of Dutchess. (*People* v. *Alden*, 112 N. Y. 117.)

Ruger, Ch. J.   This appeal calls for a construction by the court of the meaning of section 23 of chapter 534 of the Laws of 1879, as amended by chapter 127 of the Laws of 1884, relating to the subject of fishing in the fresh waters of the state with nets and other devices.   The action is brought for the recovery of two penalties for a violation of the provisions of section 23 and 24, respectively, of the act referred to.   The prohibitory portion of section 23, claimed to have been violated, reads as follows : "No person shall kill or catch, or attempt to kill or catch any fish except minnows, bullheads, eels, *suckers* and catfish, in any of the fresh waters of this state, or in the American waters of the St. Lawrence river, in any way or manner, or by any device whatever, except that of angling with a hook and line, save only in the following waters : the Hudson river below the dam at Troy." (And some other places, not including Wappinger creek).   "Any person violating the provisions of this section shall be deemed guilty of a misdemeanor, and in addition thereto shall be liable to a penalty of twenty-five dollars for each and every such offense."

It is claimed by the appellant that the defendant made himself liable to a penalty by catching suckers with a net in Wappinger's creek, Dutchess county, although such fish are expressly excepted from the prohibitory clause of such section.   The appellant claims that the court should strike out the word " suckers " from the exceptions to the prohibitory clause, and read it as though the taking of " suckers " with a net was prohibited in all the fresh waters of the state, save those therein especially excepted.

We know of no rule of construction which authorizes a court to reverse the plain meaning of a penal statute and read it so as to condemn that as a criminal act which it expressly declares to be lawful.   The theory upon which the appellant's claim is based is that in no other way can effect be given to certain exceptions in the section, and that inasmuch as the settled rules of interpretation require that some meaning should be ascribed

to all of the language of a statute, that it can be accomplished in no other way except by striking out the word suckers from the list of fish excepted. The expressions referred to are contained in the numerous and complicated exceptions to the operation of the prohibitory clause, and read as follows: "And also except in the waters of the Walkill river, in the county of Ulster, wherein it shall be lawful for any person or persons of one and the same family or household to possess and fish for suckers and eels in the waters of said river during the months of March and April and October and November, with a single fyke, the meshes of which shall not be less than one inch. * * * Provided, further, that in Black lake, Mud lake and Yellow lake, in St. Lawrence county, bullheads, eels, suckers, catfish and pickerel may be killed with a spear, except in the months of March, April and May." The appellant contends that these exceptions are meaningless if there is a general exception of the taking of suckers in the waters named.

The rule of construction contended for would lead to a manifest absurdity, as it would radically reconstruct the prohibitory clause and leave it inoperative, except as to minnows alone. The plain meaning of the material part of the section is attempted to be reversed through a reference to certain clauses clearly intended for another purpose. It seems quite plain that the clauses referred to were inserted for the purpose of limiting and restricting the exception of suckers, in the places specially referred to, from the operation of the general license to catch such fish. They have a natural meaning and effect by applying them to the waters mentioned, for the purpose of authorizing a restricted privilege only to fish in such places for the classes of fish therein mentioned. In the absence of these clauses the exceptions to the prohibitory clause would give unrestricted license for fishing in these waters, but the limitations contained in the quoted clauses make that a limited privilege, which without it was unrestricted.

The language used. thus, having a natural and legitimate office to perform, does not justify the application of a rule of construction which would create a criminal offense where none was expressed, and probably none was intended.

A second count in the complaint demands a penalty against the defendant for violating section 23 of the act of 1879, in having a fish net in his possession on the shores of waters inhabited, among other kinds of fish, by black or Oswego bass.

The trial court submitted the question to the jury to determine whether Wappinger's creek was inhabited by the fish mentioned, and they found that it was not. It is claimed by the appellant that this finding was not supported by the evidence.

The only material evidence in the case showing that Wappinger's creek was inhabited by black bass was that of a single individual who lived near the mouth of the creek, and who testified that he had caught black bass in the creek above the dam. It is inferable from this evidence that the witness lived on the creek near the Hudson river, into which it empties, and which is inhabited by bass, and that he caught such fish near that river on a single occasion. This sporadic instance is far from proving that the creek was inhabited by such fish. There was opposed to this evidence the testimony of a number of witnesses who had frequently fished in Wappinger's creek for a long series of years, and who had never caught any bass in the creek or seen any that were caught therein.

The weight of evidence on this question was, we think, with the defendant, and the jury were authorized in so finding.

The judgment should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed. _____