PER CURIAM. Judgment affirmed, with costs, on opinion of RUMSEY, J., at special term.

---

### PEOPLE v. FISH.

(Supreme Court, General Term, Second Department. July 26, 1895.)

FISH LAWS—USE OF NETS—MENHADEN IN RARITAN BAY.

> Laws 1892, c. 488 (Game Law), § 272, repeals all existing laws and ordinances for the protection of fish. Section 273 empowers boards of supervisors to pass "such laws and ordinances as shall afford further restrictions for the protection of" fish, etc. Section 138 forbids any device, except angling, "for the capture of any fish, except menhaden, in the waters of Raritan Bay or any waters adjacent thereto in Richmond county." Laws 1892, c. 686 (County Law), § 12, subd. 8, passed a few days later than the game law, provides that boards of supervisors may "provide for the protection and preservation, subject to the laws of the state," of fish, etc. *Held* that, by section 138, the legislature assumed to regulate the catching of menhaden, and authorized the use of nets for that purpose at all times, and a county ordinance prohibiting the use of nets for catching such fish is void.

Appeal from special term, Richmond county.

Action by the people of the state of New York against Henry C. Fish to recover a penalty for violating the fish law. A demurrer to the complaint was sustained, and the people appeal. Affirmed.

The opinion of Mr. Justice GAYNOR at special term is as follows:

I think the complaint does not state a cause of action. By section 272 of the game law (Laws 1892, c. 488), which was passed May 5, 1892, all existing laws and ordinances of boards of supervisors for the protection and preservation of fish, game, etc. (with one exception, which need not be specified), were repealed. The next section (273) empowered boards of supervisors to pass "such laws and ordinances as shall afford additional protection to and further restrictions for the protection of birds, fish, shell-fish and wild animals, except

wild deer, and to prohibit the taking and killing of the same"; provides for the filing thereof in the offices of the county clerk and secretary of state, the publication thereof, and also that they shall in every case be printed in the volume of the Session Laws for the current year. Section 138 of the same law is a special enactment that "no device except angling shall be placed, drawn or used for the capture of any fish, except menhaden, in the waters of Raritan Bay, nor in any water adjacent thereto in Richmond county." The particular thing to be noted is the exception of menhaden. This section was amended in 1894 by the addition thereto of an exception that shad might be taken by nets during a period of several months in the year. It is provided in the county law (Laws 1892, c. 686), which was passed 12 days after the game law, that boards of supervisors may "provide for the protection and preservation, subject to the laws of the state, of wild animals, birds and game, and fish and shell-fish, within the county; and prescribe and enforce the collection of penalties for the violation thereof." Subdivision 8, § 12. The board of supervisors of Richmond county afterwards passed, filed, and published the law set out in the complaint, prohibiting the fishing for or catching of menhaden by nets in any of the waters within the said county, and making the violation thereof a misdemeanor, and also subjecting the violator to a penalty of $100, to be recovered in a civil action in the name of the state; and it is printed in the volume of Session Laws of 1893. The present action is to recover a penalty thereunder.

By the aforesaid provision of the game law, boards of supervisors are empowered to enact laws making additional restrictions for the protection of game and fish, and prohibiting the taking and killing of the same,—that is to say, in addition to those adopted by the state legislature. The similar provision in the county law, already cited, also empowers them to do the like, "subject to the laws of the state"; but this express restriction adds nothing, for it would exist without being expressed, for such local boards get their power to legislate from the legislature, and such conferred power is subordinate to the power of the legislature, for the legislature may revoke it or limit it or override it at will. It follows that, if the legislature specially legislate upon a local subject, the board of supervisors may not override such legislation; for otherwise the two bodies could alternately override each other indefinitely upon a given subject. The provisions of state law in question must therefore be interpreted as only conferring power on boards of supervisors to enact laws containing restrictions and prohibitions additional to such as are contained in general state laws, or, it may be, in special or local state laws which it may be seen are not intended to and do not cover the whole subject, or take it unto themselves, and not laws conflicting with or overriding local state legislation on the same subject. It seems to me that the legislature has, by section 138 of the game law, taken the subject unto itself in this instance. It prohibits the taking of fish in Raritan Bay and the waters adjacent thereto in Richmond county by nets, but expressly excepts menhaden. As the complaint alleges generally that the defendant caught menhaden with nets "in the waters within the jurisdiction of Richmond county," which is the language of the supervisors' law, I must conclude that its meaning is to embrace all of the said waters within the scope of the supervisors' law, and that defendant is to be liable herein upon proof that he so caught menhaden in the particular waters mentioned in section 138 of the game law (if, indeed, the said section does not also embrace all waters within the jurisdiction of Richmond county). If this is not the intended scope of the complaint, it should have designated the particular locality of the alleged violation, so as to show in fact a violation of the supervisors' law, and thus allege a cause of action, and not a legal conclusion. In 1894 the legislature so amended the said section 138 as to also except shad during a part of each year. May the board of supervisors, nevertheless, altogether prohibit the taking of shad by nets? The case as to menhaden is not different. Shad is excepted part of the year; menhaden, the whole year. If the legislature were also to except shad the whole year, the board of supervisors would not thereby be enabled to prohibit the taking of shad by nets; and that is now the case in respect of menhaden.

The demurrer is sustained.

Argued before BROWN, P. J., and DYKMAN and PRATT, JJ.

Edward G. Whitaker, for the People.

Kurzman & Frankenheimer, for respondent.

DYKMAN, J.    This is an appeal from a judgment entered upon the decision sustaining a demurrer to the complaint of the plaintiff. The action is brought to recover from the defendant a penalty of $100, for having caught menhaden by means of a net in the waters within the jurisdiction of the county of Richmond in the state of New York, on the 25th day of July, 1894, contrary to the ordinance passed by the supervisors of Richmond county, and contrary to and in violation of chapter 488 of the Laws of 1892.   The complaint sets forth an ordinance adopted by the board of supervisors of the county of Richmond, at their annual session in 1892, by which it is provided that menhaden shall not be fished for, caught, or captured in any of the waters within the jurisdiction of the county of Richmond by means of nets of any kind, and imposed the penalty of $100 for each offense. It is also alleged that the defendant, in violation of the ordinance, contrary to and in violation of chapter 488 of the Laws of 1892, fished for, caught, and captured by means of nets, menhaden in the waters within the jurisdiction of the county of Richmond and state of New York, and that by reason of such violation of the statute the defendant is indebted to the plaintiff in the sum of $100, being the amount of the penalty prescribed by said act or ordinance of the board of supervisors, and the statute cited.

By the statute of 1892, familiarly known as the county law, power is conferred upon boards of supervisors to provide for the protection and preservation, subject to the laws of the state, of wild animals, birds, game, and fish and shellfish, within the county, and prescribe and enforce the collection of penalties for the violation thereof. Chapter 488, § 138, of the Laws of 1892, provides that no device, except angling, shall be placed, drawn, or used for the capture of any fish excepting menhaden in the waters of Raritan Bay, nor any waters adjacent thereto in Richmond county.   That section was amended by chapter 627 of the Laws of 1894, by adding at the end thereof the following words, and re-enacting the section as originally adopted, by the following addition thereto:

"Except that shad may be taken by shad nets between the 15th day of March and the 15th day of June, but said nets shall not be allowed to remain in said waters from Saturday at sunset to the following Monday at sunrise."

Upon the decision of the demurrer the judge at special term made a thorough examination of the case, and wrote an opinion in which we concur, and with which we are entirely satisfied, and we think the judgment should be affirmed, with costs, on the opinion of the judge who decided the demurrer.   All concur.