THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ALBIN
GERBER, Respondent.

*Sale or possession of deer or venison — when a violation of the Game Law — chapter*
*488 of 1892.*

The possession or sale of wild deer or venison is absolutely forbidden by chapter
488 of the Laws of 1892 between the fifteenth day of November and the fifteenth
day of the following August.

Its possession or sale during the period between the first day of November and
the fifteenth day of November is also a violation of the statute, unless it be
proved by the possessor or seller that such deer or venison was killed within
the lawful period for killing within this State, or that it was killed out of the
State.

The object of this latter provision is to give hunters, permitted by statute to kill
deer up to the first day of November, a reasonable time, after the season has
closed, to dispose of the venison.

BRADLEY, J., dissented.

APPEAL by the plaintiff, The People of the State of New York,
from a judgment of the Supreme Court in favor of the defendant,
entered in the office of the clerk of the county of Steuben on the
16th day of September, 1895, upon the decision of the court rendered
after a trial at the Steuben Circuit before the court without a jury.

*Charles H. Knipp* and *Roswell R. Moss*, for the appellant.

*A. S. Kendall*, for the respondent.

LEWIS, J.:

This action was brought to recover a penalty of $100 for a viola-
tion of the act for the preservation of wild animals in the State of
New York (Chap. 488, Laws of 1892).

It is provided by section 40 of said act that wild deer shall not
be killed between the first day of November and the fifteenth day
of August following.   Section 41 is as follows: " Deer or venison,
when not to be possessed.— Wild deer or venison shall not be pos-
sessed or sold between the 15th day of November and the 15th day
of August following, and possession thereof, between the 1st day
of November and 15th day of November is forbidden, and shall
be deemed a violation of this section, unless it be proved by the

possessor or seller that such deer or venison was killed within the lawful period for killing, or out of the State."

By section 51 of the act a violation of its provisions is made a misdemeanor, and, in addition, the violator of sections 40 to 44, inclusive, and 46 to 48, inclusive, is liable to a penalty of $100 for each violation. ·

The action was tried at the Steuben Circuit before the court without a jury. The facts were stipulated, and are as follows:

On the 3d day of January, 1893, the defendant herein had in his possession and offered and exposed for sale at his market or place of business in the city of Corning, county of Steuben and State of New York, the carcass of one wild deer or venison, which was killed outside of the limits of the State of New York, which was the carcass mentioned, as alleged in the complaint.

The trial court upon these facts held and decided that the defendant was not guilty of violation of the act, and dismissed the plaintiff's complaint, and from the judgment entered upon such decision this appeal was taken.

The disposition which should be made of this case depends upon whether the closing words of section 41, as follows, "unless it be proved by the possessor or seller that such deer or venison was killed within the lawful period for killing, or out of the State," apply to and qualify the whole of said section, as is contended by the defendant, or are limited in their application to that part of the section which prohibits possession between the first and fifteenth days of November, as is claimed by the appellant. We incline to the opinion that the latter is the correct construction. Such construction, we think, accords with the language of the section and with its evident meaning, while the other construction is strained and unnatural. If the promoters of the law intended that the clause referred to should apply to the entire prohibited time, that is, between the first day of November and the fifteenth day of August following, they were exceedingly unfortunate in phrasing the section. Had such been their intention, they could have accomplished their purpose by simply providing that the possession of wild deer between the first of November and the fifteenth of August following should be deemed a violation of the law unless the person in possession proved that the killing took place within the lawful

period for killing or outside the limits of the State. Giving such a construction to the section makes the fifteen-day clause entirely superfluous and of no meaning whatever. The statute prescribes two prohibited seasons, one commencing November fifteenth and ending August fifteenth following. During that period possession of deer or venison is prohibited, no matter when or where the animals may have been killed. The other prohibited season is from the first to the fifteenth of November, during which time possession shall be deemed a violation of the law unless the possessor or seller shall prove that the killing took place within the lawful period for killing or outside of the limits of the State. The purpose of the fifteen-day clause is quite apparent. The law permitted the killing at any time from the fifteenth day of August to the first day of November following, it being lawful, therefore, to kill deer as late as the thirty-first of October. It was very properly provided that there should be a limited period thereafter for the disposition of the carcasses of deer which might be killed during the last days of October.

Many statutes for the preservation of wild animals are found in our statute books, and the same general scheme that was contained in the act of 1892 will be found in many of them.

It was provided by section 1 of chapter 721 of the Laws of 1871 that "no person shall have in his possession or offer for sale or transport any moose, carriboo, elk or wild deer or fresh venison, save only during the months of August, September, October, November and December. * * * Any person offending against any of the preceding provisions of this section shall be liable to a penalty of fifty dollars for each moose, elk, carriboo, deer or fawn so killed, * * * and may be proceeded against in any county of the State, provided, however, that any person may sell or have in his possession the moose, elk, carriboo or deer aforesaid, between the 1st day of January and the 1st day of March, without liability to the penalties herein provided, in case he shall prove that such game was killed outside the limits of this State, and at some place where the law did not prohibit such killing." It cannot be doubted that this latter provision of the section had reference only to the time between the first of January and the first of March. Sections 7 and 8 and 33 of the act of 1871 were construed in *Phelps* v. *Racey* (60 N. Y. 10). An action was brought to recover penalties for

a violation of said sections. It was charged in the complaint that the defendant had in his possession and exposed for sale in the city of New York 100 quail on the 19th day of March, 1873. The answer admitted the allegations in the complaint, but alleged that defendant had invented an apparatus to preserve game, and that the game specified in the complaint was put up by him in said apparatus in the month of December, 1872, when the killing of it in this State was not prohibited, or it was received from the States of Minnesota and Illinois, where the killing was, at the time, legal. Plaintiff demurred to the answer upon the ground that it did not state facts sufficient to constitute a defense. The demurrer was sustained. The court, in construing the sections, said : " With the policy of the statute in question we have no concern, but that the acts complained of, viz., having in possession certain game birds after the first of March, although killed prior to the prohibited time or brought from another State where the killing was not prohibited, is within the restraint of the statute, there can be no doubt. The seventh section declares that no person shall kill or expose for sale or have in his or her possession after the same has been killed, any quail, between the first day of January and twentieth of October under the penalty of twenty-five dollars. The eighth section contains a similar provision relative to ruffed grouse or partridge and pinnated grouse or prairie chickens, fixing the time between the first day of January and the first day of September. The language of these sections is plain and unambiguous, hence there is no room for construction. It is a familiar rule that when the language is clear, courts have no discretion but to adopt the meaning which it imports. The mandate is. that ' any person having in his or her possession,' between certain dates, certain specified game killed, shall be liable to a penalty. The time when, or the place where, the game was killed, or when brought within the State, or where from, is not made material by the statute, and we have no power to make it so. But if the intent in this respect was doubtful, section 33 would remove it. That section provides that persons selling or in possession of game shall not be liable to the penalty up to the 1st day of March, provided they prove that it was killed before the prohibited time or outside of the limits of the State, where the killing was not prohibited. Provision

is made by this section for the cases supposed not to be within the purview of the 7th or 8th section, but it is clear that the Legislature did not so suppose, but intended to qualify those sections by allowing possession to continue and a sale of game, lawfully killed or acquired, for two months, but after that period the inhibition is absolute." The acts of 1892 and 1871 are in substance quite similar. The case referred to is authority for the construction which we are inclined to give to the section in question.

Plaintiff, upon the facts, was entitled to a judgment against the defendant for the $100 claimed in the complaint. The judgment appealed from should be reversed and a new trial granted, costs to abide the event.

WARD, J., concurred; BRADLEY, J., dissented.

Judgment reversed and new trial granted, costs to abide the event.