(40 Misc. Rep. 27.)

### PEOPLE v. BOOTMAN et al.

(Supreme Court, Special Term, New York County. February, 1902.)

1. GAME LAWS—ENFORCEMENT OF PENALTY—COMPLAINT.
    In an action to enforce a penalty under Laws 1901, c. 91, relating to the protection of game, it is unnecessary to recite or refer to the statute in the complaint, but it is sufficient to allege facts bringing the action within the statute.
2. SAME—INDORSEMENT OF SUMMONS.
    Where the complaint in an action to enforce a penalty for violation of the game law is served with a summons, it is not necessary to indorse a reference to the statute on the summons.
3. SAME—COMPLAINT.
    Heydecker's Gen. Laws, p. 2505, c. 31, as amended by Laws 1901, p. 224, c. 91, relating to the protection of game, does not require that, in an action to enforce a penalty under section 39, the complaint should state that the case is not within any of the saving clauses of the act.
4. SAME—PENALTY.
    Laws 1901, c. 91, § 39, providing that for violation of the game law a person is guilty of a misdemeanor, "and is liable to a penalty," subjects the offender, in addition to the criminal liability, to a civil action for recovery of the penalty.
5. SAME.
    In order to create an offense under Laws 1901, c. 91, § 33. prohibiting the taking of certain birds, for which there is no open season, it must appear not only that the birds in the possession of the offender are wild birds, but also that they are birds for which there is no open season.
6. SAME.
    Laws 1901, c. 91, § 30, providing a close season for certain birds, relates only to birds for which there is an open season except from May 1st to August 31st, both inclusive.

Action by the people against Jacob V. Bootman and Howard R. Robinson to recover a penalty. Demurrer to complaint overruled.

For judgments on appeal, see 76 N. Y. Supp. 1022; 66 N. E. ——.

The complaint in this action consisted of 19 counts, the first of which is as follows: "For a first, separate, and distinct cause of action, that the defendants were, during all the times hereinafter, and still are, copartners in trade and engaged in business in the city and county of New York, state

of New York, under the firm name and style of Bootman & Robinson; that heretofore, to wit, on the 23d day of May, 1901, at the said city and county of New York, the defendants, copartners as aforesaid, unlawfully, willfully, and knowingly possessed four hundred and ninety-six (496) grouse and two hundred and thirty-six (236) quail during the close season for said grouse and quail, respectively, contrary to the form of the statute in such case made and provided; that by reason of the premises the defendants then and there became liable to a penalty of sixty dollars, and to an additional penalty of twenty-five dollars for each bird, grouse, and quail so possessed, to wit, the sum of eighteen thousand three hundred dollars, and amounting in all to the sum of eighteen thousand three hundred and sixty dollars; that thereafter, to wit, on the 6th day of July, 1901, at the state aforesaid, the chief game protector of the state of New York duly ordered that this action be brought, and the same was and is brought on said order by the undersigned attorneys and counselors at law, then duly retained and employed therefor." Counts 2–13, both inclusive, were of the same general character. The fourteenth count is as follows: "For a fourteenth separate and distinct cause of action, that the defendants were during all the times hereinafter mentioned, and still are, copartners in trade and engaged in business in the city and county of New York under the firm name and style of Bootman & Robinson; that heretofore, to wit, on the 24th day of May, 1901, at the said city and county of New York, the defendants, copartners as aforesaid, unlawfully, willfully, and knowingly possessed certain wild birds, other than the English sparrow, crow, hawk, crane, raven, crow blackbird, common blackbird, kingfisher, and birds for which there is no open season, to wit, eight hundred and eight (808) plover, and contrary to the form of the statute in such case made and provided, and without and not under the authority of any certificate issued under this act, to wit, an act of the Legislature of the state of New York entitled 'An act for the protection of the Forest, Fish and Game of the state of New York,' constituting chapter 31 of the General Laws, passed February 19, 1900, as amended by chapter 91 of the Laws of 1901, passed March 12, 1901; that by reason of the premises the defendants then and there became liable to a penalty of sixty dollars, and to an additional penalty of twenty-five dollars for each bird so possessed, to wit, the sum of twenty thousand two hundred dollars, and amounting in all to the sum of twenty thousand two hundred and sixty dollars; that thereafter, to wit, on the 6th day of July, 1901, at the state aforesaid, the chief game protector of the state of New York duly ordered that this action be brought, and the same was and is brought on said order by the undersigned attorneys and counselors at law, then duly retained and employed therefor." The fifteenth count, which is in substantially the same form, seeks to recover penalties for the possession of 876 English snipe, 602 plover, 1,416 snow buntings, and 96 snipe. The sixteenth count seeks to recover penalties for the possession of 288 reed birds, 3,630 plover, and 1,512 snow buntings. The seventeenth count seeks to recover penalties for the possession of 1,336 snipe and 3,168 sandpipers. The eighteenth count seeks to recover penalties for the possession of 720 reed birds, 5,760 snow buntings, 1,439 sandpipers, 488 yellow legs, 150 plover. The nineteenth count seeks to recover penalties for the possession of 3,658 plover, 3,000 sandpipers, 4,800 snipe, and 300 yellow legs. The defendants demurred to the amended complaint, and to each of the causes of action therein set forth, on the ground that it did not state facts sufficient to constitute a cause of action.

Section 30 of the forest, fish, and game law (Heydecker's Gen. Laws, p. 2505, c. 31), as in force when the plaintiff's alleged causes of action accrued, read as follows: "The close season for Wilsons (called English snipe), yellow legs, plover, rail, mudhen, gallinule, surf-bird, curlew, water-chicken, jack snipe, bay snipe, or shore bird shall be from May first to August thirty-first, both inclusive." The act contained no provision declaring that there shall be no open season for sandpipers, snow buntings, and reed birds. Section 33, p. 2505, read as follows: "Wild birds, other than the English sparrow, crow, hawk, crane, raven, crow blackbird, common blackbird, kingfisher, and birds for which there is no open season, shall not be taken or possessed at any time, dead or alive, except under the authority of a certificate issued under this

act." Section 39, p. 2507, provided: "A person who violates any provision of this article is guilty of a misdemeanor and is liable to a penalty of sixty dollars, and an additional penalty of twenty-five dollars for each bird taken or possessed in violation thereof."

Frank S. Black and Henderson Peck, for plaintiff.
Louis Marshall and Julius Offenbach, for defendants.

O'GORMAN, J.   The statute under which this action is instituted extends over the entire state, and is in no sense a local law.   It was therefore unnecessary to recite or refer to the act in the complaint. The pleader was required only to allege facts bringing the case within the purview of the act, and this has been done.   Section 1897 of the Code is inapplicable.   The complaint accompanied the summons, and in such a case no reference to the statute need be indorsed upon the summons.   The statute in question contains no exception within the section of the act, and the complaint therefore does not offend against the rule requiring the pleading to show that the case is not within an exception to the statute.   The expression, "and is liable to a penalty," etc., in section 39 of the act, clearly means that in addition to the criminal liability the offender subjects himself to a civil action for the recovery of the penalty prescribed.   There is no such ambiguity in the language as to support the defendants' contention.   The possession of the birds at the forbidden season within the state is prima facie evidence that the possessor has violated the law, and the burden is then cast upon him of proving facts to show that the possession is legal (People v. Buffalo Fish Co., 164 N. Y. 99, 58 N. E. 34), and this is as true as a rule of pleading as it is concededly true as a rule of evidence.   As to the birds mentioned in counts 14 to 19 of the complaint, the claim of the defendants must be upheld.   Sections 30 and 33 cannot be reconciled.   Under section 30, plover and snipe have a closed season from May 1st to August 31st, and section 33 is applicable to birds for which there is no open season.   In order to create an offense under section 33, it must appear not only that the birds are wild birds, but also that they are birds for which there is no open season.   Therefore, if they are birds having an open season, or if there be no express provision that there shall be no open season, the taking or possession of them constitutes no offense.   Courts will go far to preserve the paramount intention of the Legislature, where it is possible to do so, but here the incongruities are so serious and irreconcilable that the construction urged by the plaintiff's counsel can be yielded to only by the court usurping legislative functions.   No cause of action is set forth in these counts, and as to them the demurrer is sustained.   In all other respects the demurrer is overruled.

Ordered accordingly.