(91 App. Div. 89.)

PEOPLE v. COHEN.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. GAME — POSSESSION — CONSTITUTIONAL LAW — TAKING PROPERTY WITHOUT COMPENSATION.

Laws 1902, p. 1236, c. 517, prohibiting any one from having certain classes of birds in his possession, in so far as it provides penalties for the possession of snow buntings which one had when the act went into effect, where such possession was lawful previous to that time, is unconstitutional, as a confiscation of private property without compensation.

2. SAME—SNOW BUNTINGS.

Laws 1900, p. 28, c. 20, § 33, as amended by Laws 1900, p. 1591, c. 741, Laws 1901, p. 225, c. 91, and Laws 1902, p. 1236, c. 517, providing that birds for which there is no open season, shall not be taken or possessed at any time, relates to birds for which the statute provides there shall be no open season, and does not apply to snow buntings; there being no statutory provision that there is no open season for them.

Appeal from Special Term, New York County.

Action by the people against Charles Cohen. From a judgment dismissing the complaint, the people appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Henderson Peck, for the People.

Louis Marshall, for respondent.

McLAUGHLIN, J.    This action was commenced on the 28th of November, 1902, to recover certain statutory penalties alleged to have been incurred by the defendant by his having in his possession, between the 14th day of September and the 1st day of October, 1902, 36 wild birds, commonly called "snow buntings," in violation of section 33 of the forest, fish, and game law (chapter 20, p. 28, Laws 1900, as amended by chapter 741, p. 1591, Laws 1900; chapter 91, p. 225, Laws 1901; chapter 517, p. 1236, Laws 1902). The specific allegation of the complaint upon which the right to such recovery was predicated was that the defendant, between the 14th day of September, and the 1st day of October, 1902—

"Unlawfully, willfully, and knowingly possessed, at said city and county, certain birds for which there is no open season, and wild birds other than the English sparrow, crow, hawk, crow blackbird, snow owl, and great horned owl, to wit, thirty-six (36) snow buntings (not under the authority of a certificate issued under this act, to wit, chapter 20 of the Laws of the state of New York, entitled 'An act for the protection of the forest, fish and game of the state, constituting chapter 31 of the General Laws,' passed February 19, 1900), contrary to the form of the statute in such case made and provided, and in violation of the provisions of section 33 of article 2 of the act aforesaid, as amended by chapter 741 of the Laws of 1900, chapter 91 of the Laws of 1901, and chapter 517 of the Laws of 1902."

The plaintiff's right to recover was put in issue not only by a general denial of the allegations of the complaint, but also by an affirmative defense—among others, to the effect that the statute under which the penalties were sought to be recovered was unconstitutional. The issues raised by the pleadings, however, were somewhat simplified at the trial by a stipulation as to all the facts, by which it appeared:

"That the said snow buntings were acquired by the defendant by purchase from a dealer in such property in April, 1900, at Quebec, in the Dominion of Canada; that all of them were taken and killed prior to said month in the Dominion of Canada, and were sold to the defendant by the owner of said snow buntings in the month of April, 1900, as aforesaid, and were in said month shipped by the vendor to the defendant from Quebec, aforesaid, to the city of New York, and the said defendant continued in the possession of the said snow buntings at said city of New York from April, 1900, to October 1, 1902, in the original packages in which they were received;  *  *  *  that the said snow buntings were purchased by the defendant for the purpose of selling them in the business in which he was engaged—that of dealing in game and poultry—and were during all the time that he owned the same of the fair market value of fifty dollars ($50)."

At the conclusion of the trial the complaint was dismissed, and the exception taken to such ruling presents the only question on this appeal.

I think the ruling was correct. It will be observed that the allegation of the complaint upon which the right to a recovery is predicated

is that the defendant, between the 14th day of September and the 1st day of October, 1902, had in his possession the birds referred to, contrary to, and in violation of, section 33 of chapter 20, p. 28, of the Laws of 1900, as amended by chapter 517, p. 1236, of the Laws of 1902. According to the stipulation, these birds were acquired prior to April 10, 1902, the time when chapter 517 took effect. Immediately prior to the passage of this act it was lawful for the defendant to have them in his possession. This was settled and determined in People v. Bootman, 40 Misc. Rep. 27, 81 N. Y. Supp. 195. In that case penalties were sought to be recovered upon the ground, among others, that the defendant in May, 1901, had the same kind of birds in his possession. A demurrer was interposed to the complaint, which was sustained; the learned justice sitting at Special Term holding that the defendant was entitled to such possession without incurring any penalty therefor under the statutes then in force. In sustaining the demurrer, he said:

"In order to create an offense under section 33, it must appear not only that the birds are wild birds, but also that they are birds for which there is no open season. Therefore, if they are birds having an open season, or if there be no express provision that there shall be no open season, the taking or possession of them constitutes no offense. * . * * No cause of action is set forth in these counts, and as to them the demurrer is sustained."

The ruling thus made was sustained not only by this court (72 App. Div. 619, 76 N. Y. Supp. 1022), but also by the Court of Appeals (173 N. Y. 622, 66 N. E. 1113).

We have, therefore, an adjudication by the highest court in the state that prior to the passage of chapter 517, p. 1236, of the Laws of 1902, it was lawful for a person to have snow buntings in his possession; and, this being so, the question presented is whether the Legislature had the power, by legislative enactment, to make the possession of property, which was lawful prior to the enactment of a statute, unlawful immediately following the time it took effect. That the birds were property I do not understand is denied, and, if it were, the question has so many times been determined that a discussion of the subject, or the citation of authorities to show that they were, is unnecessary. That the imposing of a penalty for having property in one's possession which had theretofore been lawful amounts to a confiscation of such property, is equally well settled. This was finally and effectually determined by the Court of Appeals nearly half a century ago, and it has not since, so far as I have been able to discover, been questioned in any of the courts of the state. Wynehamer v. People, 13 N. Y. 378. There the court had under consideration an act of the Legislature designed to prevent the sale of intoxicating liquors, which rendered unlawful the sale, and, except in some instances, the possession, of such liquors, which were possessed at the time of the passage of the act; and it was held that the act, in its application to such liquors, violated the provision of the Constitution which declared that no person should be deprived of life, liberty, or property without due process of law. The principle there laid down is as applicable to the facts here presented as it was to those. The birds were purchased by the defendant, so far as appears, at a time when and a place where he had a legal right to purchase them. They were shipped to him, and thereafter remained in the original

packages in which they were shipped. Prior to the passage of the act under which it is claimed defendant is liable, the possession was lawful; and to hold that that act made the possession thereafter unlawful is to accord to the Legislature power which it does not possess under the Constitution of the state, viz., to confiscate private property without compensation therefor.

If, therefore, the effect of this statute is as claimed by the appellant, it must be held to be unconstitutional to the extent herein indicated. But I do not think the statute, when properly considered, has the effect claimed for it by the appellant. So far as snow buntings are concerned, it is, in legal effect, as I read it, the same as the one considered in People v. Bootman, supra.

| In the Bootman Case the statute read: | The statute here under considera-tion reads: |
|---|---|
| "Wild birds other than the English sparrow, crow, hawk, crane, raven, crow blackbird, common blackbird, kingfisher, and birds for which there is no open season, shall not be taken or possessed at any time, dead or alive, except under the authority of a certificate issued under this act." | "Certain Wild Birds Protected. Birds for which there is no open season and wild birds other than the English sparrow, crow, hawk, crow blackbird, snow-owl and great horned owl, shall not be taken or possessed at any time, dead or alive, except under the authority of a certificate issued under this act." |

In the Bootman Case, as already said, it was held that the act then in force did not apply to snow buntings. The act of 1902, while it changed in some respects the words and phrases used (more particularly by transposing them) in the former statute, such change did not, in legal effect, alter the prior statute. When the act of 1902, as in the prior statute, refers to birds for which there is no open season, it necessarily refers to birds as to which the act makes such provision. The statute enumerates various birds as to which a close season is provided. Thus in section 27 a provision is inserted to the effect that there shall be no open season for woodcock, grouse, or quail in the county of Rensselaer prior to 1903. The phrase "birds for which there is no open season" must necessarily, as it seems to me, relate to birds as to which the statute expressly makes such declaration, and snow buntings do not seem to have been included. Subsequent legislation (chapter 443, p. 1031, Laws 1903) seems to favor this construction, at least so far as legislative intent is concerned, because section 33 was further amended by adding a sentence to the effect that "the provisions of this section shall not apply to game birds for which an open season is provided in this act."

The judgment appealed from, therefore, must be affirmed, with costs. All concur; VAN BRUNT, P. J., on first ground only.