## SUPREME COURT — SPECIAL TERM — NEW YORK,
### May, 1909.

## THE PEOPLE v. JAMES C. FARGO.

(63 Misc. 381.)

GAME LAW—TRANSPORTATION OF GAME.

> The provision of the Forest, Fish and Game Law, prohibiting the possession of the carcass of a deer by a common carrier for transportation unaccompanied by the owner, is applicable to the transportation of the carcass of a deer killed and delivered to the common carrier without the State.

> The provisions of the Forest, Fish and Game Law, forbidding the possession of wild deer or venison between certain dates and making the possession thereof between those dates presumptive evidence that the same was unlawfully taken by the possessor, are applicable to a common carrier.

MOTION for judgment on the pleadings.

*John K. Ward,* for plaintiff.

*Carter, Ledyard & Milburn,* for defendant.

GILDERSLEEVE, J.:

This is a motion for judgment on the pleadings. The complaint sets up six causes of action against the defendant, and avers that the defendant "did in the State and county of New York unlawfully, willfully and knowingly possess for the purpose of transportation and did transport to a county in the State of New York and did unlawfully, willfully and knowingly possess within the county of New York," certain deer, the said deer being unaccompanied by the owner. As to the first, second, fourth, fifth and sixth causes of action the defendant admits that there were delivered to it without the State, for transportation into said State, deer lawfully killed without the State, and

that in the course of transportation of said deer and before the termination thereof, it, solely as a common carrier, had the custody and control of said deer within said State, and that said deer were unaccompanied by the owner thereof, and it also appears by said admission that defendant's possession was at a time when such possession was prohibited. The action is to recover the penalties for the violation of the Forest, Fish and Game Law. Section 4 of chapter 20 of the Laws of 1900, in force at the time the alleged offenses occurred, reads as follows: "Wild deer or venison shall not be possessed or sold from November twenty-fifth to September thirtieth, inclusive. Possession thereof from midnight of the fifteenth to the twenty-fourth of November shall be presumptive evidence that the same was unlawfully taken by the possessor." It will be seen that by the terms of that section the possession of deer within the time named is absolutely prohibited. Common carriers are not exempted by any special provision of the Game Law, and it is evident that the legislature in its efforts to protect the game in this State did not intend to make any exceptions as to the possession of game during the closed season. The defendant herein relies upon its construction of section 8 of the Game Law, which has reference to transportation of deer, but that section is clearly intended merely to provide that deer killed in this State during the open season might be possessed and transported through the State when accompanied by the owners, the object being to permit the hunter to take from the place of killing not more than two deer. Section 141 of the Game Law declares that: "Whenever in this act the possession of fish or game * * * is prohibited, reference is had equally to such fish, game or flesh coming from without the State as to that taken within the State." The cause of action in the case of *People v. Bootman,* 180 N. Y. 1, cited by the defendant, arose prior to the passage of the Lacy Act, so-called (page 114, Game Law, 1907), and, therefore, the provisions of that act were held not to apply

to the situation in that case. The case of *People ex rel. Silz v. Hesterberg*, 184 N. Y. 131, seems decisive upon the question raised in this case, and holds that the possession of grouse and plover taken without the State is unlawful, and the section relating to deer is substantially the same. That case also points out that the importation of game killed without the State is forbidden in order to prevent the killing of game within the State during the closed season. That this was contemplated by the legislature is emphasized by a reading of the portion of section 8 of the Game Law, in which it is declared that "possession of deer or venison by a common carrier or by any person in its employ while engaged in the business of such common carrier, unaccompanied by the owner, shall constitute a violation of this section by such common carrier." The defendant contends that the law was not intended to apply to common carriers when game was being transported by them, and also that it has reference only to deer killed within the State. This contention is disposed of by the provisions of section 5 of the Lacy Act, which provides that "any wild game animal transported into any State shall, upon arrival in such State, be subject to the operation and effect of the laws of such State * * * to the same extent and in the same manner as though such animals and birds had been produced in said State, and shall not be exempt therefrom by reason of being introduced therein in the original package or otherwise." The lack of means of identifying game killed within the State from that killed without the State is the obvious reason for the provisions of the law above quoted. The construction sought to be placed upon section 8, *supra*, would not only practically repeal the prohibitive sections of the law referred to, but would nullify the efforts of the legislature to protect domestic game.

As to the effect of the Lacy Act, Mr. Justice VANN, in *People v. Bootman, supra*, 10, said: "The action of Congress has taken away all questions of interstate commerce, so that a State can

act with entire freedom and can prevent the shipment of game into or out of its own territory; and if game is imported, it can regulate or prohibit the sale thereof." The conclusion is inevitable that under the admitted facts in this case the defendant is liable to the penalties under the counts above stated, and the motion should be granted.

Motion granted.

## NOTE ON GAME LAWS.

**POWER TO PROTECT.**

Held to be within police power to regulate public's right in game, even to extent of restricting use or right to same after taken or killed. People v. Bootman, 180 N. Y. 1, 19 N. Y. Crim. 27; Smith v. Levinus, 8 N. Y. 472.

At common law, king had right to grant to individual or inhabitants of a town, subject to right of navigation, lands under navigable waters within its jurisdiction, and exclusive right to fish in waters flowing over same, and State to-day held to possess same power. People v. Thompson, 1 N. Y. Cr. 501.

State may grant fishing and hunting rights, if such grant does not impair vested rights. Lansing v. Smith, 4 Wend. 9.

Protection of game is within police power and the method is within discretion of legislature. People v. Bootman, 19 N. Y. Cr. 27.

**POSSESSION AND SALE IN CLOSE SEASON.**

Statutes forbidding, held constitutional. People v. Gerber, 92 Hun, 554, 11 N. Y. Crim. 142; People v. Reed, 47 Barb. 235.

Under statutes forbidding any person to "kill or expose for sale, or have in possession after same is killed," person not liable for having live birds in possession and exposing for sale. People v. Fishbough, 134 N. Y. 393, 10 N. Y. Crim. 27.

Laws 1902, chap. 517, prohibiting person having in possession certain classes of birds, held unconstitutional as to birds in possession at time act went into effect. People v. Cohen, 91 App. Div. 89, 15 N. Y. Crim. 287.

Laws of 1892, chap. 488, providing close season for wild deer, construed. People v. Gerber, 92 Hun, 554, 11 N. Y. Crim. 142.

Laws 1901, chap. 91, providing close season for certain birds, construed. People v. Bootman, 40 Misc. 27, 19 N. Y. Crim. 27.

To create offense of taking game for which no open season provided, must appear not only that such birds are wild, but also that they are birds for which there is no open season.  People v. Bootman, 40 Misc. 27, 19 N. Y. Crim. 27.

Closing words of sec. 41, chap. 488, L. 1892, are limited in their application to that part of section which prohibits possession between the first and fifteenth days of November.  People v. Gerber, 11 N. Y. Cr. 142.

Prohibition of section 105 against possession of trout during closed season relates only to those caught within the State.  People v. Cone, 15 N. Y. Cr. 287.

Possession of imported game during close season of 1901 not unlawful. People v. Bootman, 19 N. Y. Cr. 27.

Where defendant goes one hundred yards to shore with fish and then makes complaint to constable because latter throws them back into water instead of offering some of them to him, there is no question but that he knowingly has them, and is liable to penalty prescribed by sec. 102, chap. 448, L. 1892.  People v. McMasters, 74 Hun, 226, 9 N. Y. Cr. 49.

## POSSESSION OR SALE AFTER SEASON, WHERE ACQUIRED IN OPEN SEASON.

Held unlawful, though lawfully acquired.  Phelps v. Racey, 60 N. Y. 10.

## WHEN CAUGHT WITHOUT THE STATE.

Provisions held not to apply.  People v. Bootman, 180 N. Y. 1, 19 N. Y. Crim. 27; People v. Buffalo Fish Co., 164 N. Y. 93, 15 N. Y. Crim. 93; People v. Booth, 42 Misc. 321; People v. Cone, 33 Misc. 393, 15 N. Y. Crim. 287.

Statutory provisions held unconstitutional on ground that same are an interference with powers of Congress to regulate interstate commerce. People v. Buffalo Fish Co., 164 N. Y. 93, 15 N. Y. Crim. 93.

Laws of 1902, chap. 194, sec. 141, prohibiting possession on close season of trout taken outside of State, held void as depriving citizens of right of property and liberty guaranteed by State Constitution and not a proper exercise of police power.  People v. Booth, 42 Misc. 321.

## METHOD OF TAKING.
Seines, nets and traps.  People v. Fish, 89 Hun, 163.

**NETS.**

Sec. 138, chap. 488, L. 1892, authorizes use of nets in catching menhaden in the waters of Richmond county at all times, and a board of supervisors cannot restrict such right. People v. Fish, 11 N. Y. Cr. 429.

See, generally, People v. Tanner, 128 N. Y. 416; People v. Fish, 89 Hun, 163; People v. Doxtater, 75 Hun, 472; People v. Gillette, 11 N. Y. Sup. 461.

**REGULATION OF STREAMS.**

Effect of stocking private parks with fish by the State. Rockefeller v. Lamora, 96 App. Div. 91.

Prohibition of taking by owner of stream. People v. Doxtater, 75 Hun, 472.

Pollution of streams where fish resort. Cartwright v. Canandaigua, etc., 32 Hun, 403.

**TRESPASS.**

Posted notices required by chapter 488, Laws 1892, of person desiring to devote lands or lands and water to propogation of fish and game, must contain notice not simply warning all persons from trespassing thereon, but must also state that premises will be used as private park for purposes of propogation, and that all trespassing is forbidden. People v. Hall, 8 App. Div. 15, 11 N. Y. Crim. 252.

Evidence that pond has been stocked, but not specifying quantity, held insufficient to show that waters devoted to such purpose. People v. Hall, 8 App. Div. 15, 11 N. Y. Crim. 252.

Construing Laws 1887, chap. 623, relative to private parks. Hills v. Bishop, 17 Supp. 297.

It is held purpose of chap. 488 of 1892 to make it a criminal offense and therefore an offense against the people at large, for one to enter upon the lands of another who has complied with the conditions prescribed, for the purpose of shooting wild birds and animals, or of fishing in a pond, lake or stream thereon. People v. Hall, 8 App. Div. 15, 11 N. Y. Cr. 252.

Sec. 246, chap. 488, L. 1892, does not authorize arrest of person for trespassing on a private park, and taking fish therefrom, and holding him to bail to answer any liability to the owner, as such liability is to be asserted and enforced in a civil action. Stahl v. Root, 15 N. Y. Cr. 155.

**OFFENSES AS TO SHELL-FISH.**

Taking by dredges, drags, etc., does not apply to private beds. People v. Hazen, 121 N. Y. 313.

Taking oysters from private bed without consent of owner or licensee, unlawful. People v. Lowndes, 130 N. Y. 455.

Taking shell-fish under a specified size. People v. Allen, 20 Misc. 120.

## WARDENS.

Institution of actions by, or prosecution for penalties by, must be brought by district attorney at the request of officer. Roberts v. Hatch, 40 Hun, 53.

## PENALTIES.

Action to recover may be brought by district attorney in his own county, where county in which penalties incurred is an adjoining one. People v. Rouse, 15 Supp. 414.

Distinguishing. People v. McDonald, 108 N. Y. 655.

No defense to action to recover penalty that there has been criminal prosecution for same offense. People v. Boatman, 40 Misc. 27.

Judgment in action by individual bars action by fish and game officer for same offense. People v. Robbins, 39 Hun, 137.

Where complaint is served at same time as summons, not necessary to endorse reference to statute on summons. People v. Bootman, 40 Misc. 27.

## EVIDENCE.

Held to be insufficient to show illegal possession. People v. Dunston, 84 Supp. 257.

Where possession during prohibited season is once shown, this is *prima facie* proof of violation of statute, and the burden of showing possession lawful is cast upon the possessor. People v. Buffalo Fish Co., 164 N. Y. 93, 15 N. Y. Crim. 93; People v. Gerber, 92 Hun, 554, 11 N. Y. Crim. 142; People v. Bootman, 40 Misc. 27, 19 N. Y. Crim. 27.

## VERDICT.

Held contrary to evidence. People v. McNeil, 8 Supp. 371.

Where statute provides penalties may be sued for and recovered in name of people, and out of money recovered shall be paid expense of the action, such actions are. for the benefit of the people against whom costs in favor of defendant must be awarded, and bill of costs must be certified by attorney-general as provided by statute. People v. Rosedale, 76 Hun, 112. Distinguishing. People v. Alden, 112 N. Y. 117.

Where costs awarded to defendant, judgment must be rendered against

county in which violation occurred, though action prosecuted in adjoining county.   People v. Smith, 20 Supp. 332.

Judgment can be enforced by execution against the person of the defendant.   Rollins v. Breed, 54 Hun, 485.

## DISPOSITION OF PROCEEDS.

Shall be paid over to certain commissioners or officers named in statute. People v. Crennan, 141 N. Y. 239.

Mandamus may not be issued on relation of board to compel justice of the peace to pay over fines collected by him, where relator has adequate remedy at law.   People v. Crennan, 141 N. Y. 239.

## CRIMINAL PROSECUTIONS.

Indictment must state all essential elements of offense as defined by statute.   People v. Lowndes, 130 N. Y. 455.

An averment of belief that certain undescribed offenses had been committed, held insufficient to confer jurisdiction, so that a witness could not be charged with contempt on refusal to testify.   People v. Hannah, 92 Hun, 476.

Admission of expert testimony to show that defendant's rakes were such as would disturb planted oysters held not prejudicial to defendant, when he himself admitted that his rakes, if overboard when he was sailing over the bed, would have disturbed the oysters.   People v. Decker, 10 Supp. 676.

Testimony by number of witnesses that they had frequently fished certain creek for long series of years, and had never caught any bass, or seen any that were caught therein, held sufficient to support finding of jury that such creek was not inhabited by bass.   People v. Tanner, 128 N. Y. 416.

Several grants from State to a town and testimony of witnesses that bay as within description, held sufficient proof of title of town to such bay. People v. Lowndes, 55 Hun, 469.

Every person engaged in act of hunting deer with dog held individually liable for prescribed penalty, which is not intended as satisfaction for loss, but as punishment for offenders, and hence it is no defense that other persons concerned in same acts are not joined as defendants or that penalty sought to be recovered has been paid by them.   Statute makes the offense several and every offender severally liable, whether he actually engages in the prohibited act or only counsels, aids or assists in its violation.   People v. White, 22 N. Y. Cr. 6.